IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------X
IN THE MATTER OF THE ARBITRATION :
BETWEEN: :

TRICON ENERGY, LTD., :

         Petitioner, :  CASE NO. _____

      - and - :

VINMAR INTERNATIONAL, LTD.,
                                   :
         Respondent.
------------------------------------------------------X

**TRICON ENERGY LTD.'S**
**PETITION TO CONFIRM ARBITRATION AWARD**

Plaintiff Tricon Energy, Ltd. ("Tricon"), by and through its attorneys, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and the Texas General Arbitration Act ("TGAA"), TEX. CIV. PRAC. & REM. CODE § 171.001 *et seq.*, respectfully requests that this Court: (1) confirm the November 29, 2009 arbitration award ("Award," a certified copy of which is attached hereto as Exhibit A) of a Panel assembled by the American Arbitration Association ("Panel") in the case of *Tricon Energy, Ltd. v. Vinmar International, Ltd.*, AAA Case No. 70 198 00168 09 (the "Arbitration"); and (2) enter judgment in favor of Tricon and against Vinmar International, Ltd. ("Vinmar") in accordance with the Award. In support thereof, Tricon would respectfully show the Court as follows:

**PARTIES AND JURISDICTION**

1.    Tricon, a corporation organized and existing under the laws of the State of Texas, is a global buyer, supplier and transporter of industrial chemicals, petrochemicals and motor

gasoline components with its principal place of business located at located at 777 Post Oak Blvd., Suite 500, Houston, Texas 77056.

2. Vinmar is a Texas corporation who may be served at 16800 Imperial Valley Drive, Suite 499, Houston, Texas 77060.

3. This court has jurisdiction over these proceedings pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 ("New York Convention"). Under the FAA, the New York Convention "shall be enforced in United States courts in accordance with this chapter." 9 U.S.C. § 201. An arbitration agreement "falls under the Convention" if it "aris[es] out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title. . . ." 9 USC § 202. Where the agreement "is entirely between citizens of the United States" it falls under the New York Convention if "that relationship involves property located abroad, *envisages performance or enforcement abroad*, or has some other reasonable relation with one or more foreign states." *Id.* (emphasis added). Because the arbitration agreement arose out of a commercial relationship between Tricon and Vinmar that envisaged performance abroad in Asia, the New York Convention applies and this court has subject matter jurisdiction. *See* Ex. A at 5; *see also Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 341 (5th Cir. 2004) (New York Convention applied to contract between two U.S. citizens where it envisaged performance in West Africa); *Lander Co. v. MMP Invs., Inc.*, 107 F.3d 476, 482 (7th Cir. 1997) (New York Convention applied to agreement between two U.S. citizens where only link between their relationship and a foreign nation was that their contract was to be performed in Poland); *Millmaker v. Brusco*, No. H-07-3837, 2008 WL 219551, at *3 (S.D. Tex. Jan. 25, 2008) (New York Convention applied because contract envisaged performance in West Africa); *Galtney v.*

*KPMG LLP*, No. Civ.A. H05583, 2005 WL 1214613, at *3 (S.D. Tex. May 19, 2005) (New York Convention applied to contract between two U.S. citizens where contract expressed one party's intent to borrow funds from a foreign entity).

4. Venue is proper in this District pursuant to 9 U.S.C. § 9, 9 U.S.C. § 204, and 28 U.S.C. § 1391 because the Award was issued in Houston, Texas, both parties reside in Houston, Texas, and a substantial part of the events giving rise to the claim occurred in Houston, Texas.

## FACTS WARRANTING CONFIRMATION

5. On or about March 9, 2009, Tricon initiated the Arbitration against Vinmar by filing a demand for arbitration with the AAA. On June 28, 2010, Tricon filed its Amended Statement of Claims and Prehearing Brief in which it alleged, *inter alia*, that:

   a) On July 22, 2008, Brad Lockwood on behalf of Tricon and Rick Wilson on behalf of Vinmar entered into an agreement, through a broker, for Tricon's sale of 5,000 metric tons, plus or minus 5%, of mixed xylene ("MX") to Vinmar for $1310 per metric ton for delivery in Korea or Taiwan.

   b) The broker sent both parties a confirmatory memorandum to memorialize the agreement, which he subsequently revised to reflect a change in the payment terms requested by Vinmar and to correct a typo as to the agreed upon price. Neither the original nor amended confirmations mentioned anything about the origin of the MX. (Ex. B-D).

   c) The next day, Tricon sent Vinmar a letter confirming this agreement and also proposing additional terms (the "Tricon Letter"). (Ex. E). The Tricon Letter repeated the same material terms as those set forth in the Amended Broker's Confirmation and otherwise proposed additional terms on matters such as

invoicing and taxes. Two of the additional terms were that Texas law would govern any disputes, *id.* ¶ 3, and that Vinmar agreed to pay interest on amounts due to Tricon under the contract at a rate of 8.5% per annum. *Id.* ¶ 12. The Tricon Letter did not include any provision regarding product origin. *See id.*

d) The Tricon Letter also contained an agreement to arbitrate any and all disputes that might arise from the parties' contract. In particular, the parties agreed: "Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen." *Id.* ¶ 9. The Tricon Letter also provided that the arbitrators may "grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties," including costs and "a reasonable allowance for attorney's fees. . . ." *Id.* Under TEX. BUS. & COM. CODE § 2.209(a), "[a]n agreement modifying a contract within this chapter needs no consideration to be binding." Thus, the agreement became subject to this arbitration clause if accepted by Vinmar. *See In re Laibe Corp.*, 307 S.W.3d 314, 317 (Tex.

{00115129.DOC; 1}

2010) (forum selection clause contained in a later agreement governed even where the original purchase order did not have any such provision).

e) On July 24, 2008, one day after receiving the Tricon Letter, Mr. Wilson forwarded it to Vinmar's scheduler, Laurentiu Pascu, informing him that he had bought MX from Tricon and asking Mr. Pascu to contact Tricon and make necessary arrangements. (Ex. F).

f) On July 29, 2008, after consulting with Wilson, Pascu sent Tricon an email assenting to most of the additional terms and proposing some minor changes. (Ex. G). Pascu signed the memorandum to Mr. Rajevac with his email signature, "Laurentiu Pascu, Vinmar International, Ltd." This satisfies the Texas UCC's statute of frauds. *See* TEX. BUS. & COM. CODE § 1.201(b)(37); *id.* cmt. 37; TEX. BUS. & COM. CODE § 2.201; *see also D & M Edwards, Inc. v. Bio-Cide Int'l, Inc.*, No. 3:08-CV-0670-L, 2009 WL 102732, at *3 (N.D. Tex. Jan. 4, 2009) (granting leave to amend pleadings to attach e-mail that would be sufficient to satisfy the statute of frauds); *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 295-96 (7th Cir. 2002) ("[T]he sender's name on an e-mail satisfies the signature requirement of the statute of frauds."); *Lamle v. Mattel, Inc.*, 394 F.3d 1355, 1362 (Fed. Cir. 2005) (name on email satisfies the statute of frauds); *Cox Eng'g, Inc. v. Funston Mach. & Supply Co.*, 749 S.W.2d 508, 511 (Tex. App.—Fort Worth 1988, no writ) (invoice letterhead constituted signature under § 1.201).

g) That same day, Tricon responded by email to Pascu's email. Tricon accepted all of the minor changes proposed by Vinmar except that it did not accept a

60 day demurrage time bar. Tricon noted that "[y]our comments on the contract [are] well noted and accepted...." (Ex. H). Like Pascu's email, Mr. Rajevac's response included his email signature. *See id.* Thus, as the Panel found, "[a]dditional terms were agreed upon by the Operations Specialists for Tricon, Vuk Rajevac, and Operations Specialist for Vinmar, Laurentiu Pascu, to accomplish the agreed trade." Ex. A at ¶ 2.5. Therefore, "[t]he Amended Broker's Confirmation with the additional terms agreed to by the Traders [wa]s a mutually enforceable agreement." *Id.* at ¶ 2.7.

h) By July 31, 2008, the price of MX had dropped dramatically, and Vinmar offered to resell to Tricon the MX it had purchased and "wipe the slate clean." Tricon refused and, a few hours later, Vinmar, for the first time, demanded a guarantee that the MX would be USA origin. Tricon declined to add this new term to the agreement, as it could not as a practical matter guarantee USA origin and still meet the contract's material delivery terms.

i) The contract required Vinmar to declare a discharge port—either Korea or Taiwan—by August 8, 2008. Vinmar breached the parties' agreement by refusing to declare a discharge port and asserting that the parties did not have a deal.

j) As the price of MX continued to fall dramatically, Tricon thereafter accounted for 3230 metric tons of the MX that Vinmar had agreed to purchase by using it to satisfy an existing contract with KP Chemical Corp. to supply MX for the weekly average of the daily price postings during the

month of September. Ultimately, this price ended up being $995.50 per metric ton. Because of the precipitously falling price, Tricon was unable to sell the remaining MX.

6. Vinmar filed its answer, prehearing brief, and motion to dismiss for lack of jurisdiction on August 3, 2010.

7. On September 20, 2010, the Panel heard Vinmar's Motion to Dismiss, which it denied, without prejudice.

8. The Arbitration took place on September 20-21, 2010 in Houston, Texas before Judge Mark Davidson, Judge Levi Benton, and Judge Sharolyn Wood, and a final hearing was held on October 28, 2010. On or about November 29, 2010, the Panel, after considering the pleadings, the testimony, and the evidence and arguments presented at the Arbitration and final hearing, entered a reasoned award in favor of Tricon and against Vinmar. The Panel again rejected Vinmar's motion to dismiss based on a purported lack of an arbitration agreement, finding that the additional terms contained in the Tricon Letter, including the arbitration provisions, became part of the parties' contract. Ex. A at ¶¶ 2.10-2.11. The Panel awarded Tricon damages in the amount of $2,008,867.80 ($1,338,776.72 in compensatory damages; $246,298.30 in prejudgment interest; and $423,793.78 for attorneys' fees and costs), plus arbitration expenses in the amount of $35,495.00, and accruing interest since the date of the Award at the rate of 8.5% per annum ($467.82 per day). *See id.* at ¶¶ 9.1-9.2. The Panel also conditionally awarded Tricon attorneys' fees in the event of further proceedings, including $50,000 for suit to enforce or vacate the Award, $50,000 for an appeal to the intermediate appellate court; $15,000 if a petition for review is filed; and $15,000 if petition for review is granted. *Id.* at ¶ 9.3. The award was served on the parties on November 29, 2010. It was made

in accordance with the terms and provisions of the parties' written agreement and is in all respects proper.

9. Pursuant to the FAA and TGAA, upon application of a party, the Court shall confirm an arbitration award as made unless, within the time limits imposed by both the Acts, it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding. *See* 9 U.S.C. § 9 and TEX. CIV. PRAC. & REM. CODE § 171.087.

10. Vinmar has not filed a motion to vacate, modify, or correct the Award, nor, as of this date, has it made payment to Tricon.

11. Pursuant to the FAA and TGAA, upon granting an order confirming, modifying or correcting an Award, the court shall enter a judgment or decree conforming to the order. *See* 9 U.S.C. § 13 and TEX. CIV. PRAC. & REM. CODE § 171.092. Copies of all documents required by 9 U.S.C. § 13 are attached hereto as exhibits A-E and G-H.

## CONCLUSION

WHEREFORE, Petitioner Tricon Energy, Ltd. respectfully requests that this Court grant the following relief:

A. Issue an order confirming the Award previously entered in favor of Tricon and against Vinmar pursuant to 9 U.S.C. § 9 and TEX. CIV. PRAC. & REM. CODE § 171.087; and

B. Pursuant to 9 U.S.C. § 13 and TEX. CIV. PRAC. & REM. CODE § 171.092, enter judgment in favor of Tricon and against Vinmar for:

   a. $2,008,867.80, which includes $1,338,776.72 in compensatory damages; $246,298.30 in prejudgment interest; and $423,793.78 for attorneys' fees and costs;

{00115129.DOC; 1}

b. arbitration expenses in the amount of $35,495.00 as set forth in the Award;

c. accruing interest since the date of the Award at the rate of 8.5% per annum ($467.82 per day);

d. attorneys' fees incurred in bringing this Petition, as directed in the Award, costs, and post-judgment interest on those fees and costs; and

e. any such other and further relief as this Court deems just and equitable.

Respectfully submitted,

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

By: _____
George R. Diaz-Arrastia
State Bar No. 05805600
Southern District of Texas Bar No. 12
Tracy D. Larson
State Bar No. 24055410
Southern District of Texas Bar No. 840430
Pennzoil Place, North Tower
700 Milam St., 10th Floor
Houston, Texas 77002
Tele: (713) 221-2500
Fax: (713) 228-3510
Email: gdarrastia@sdablaw.com

ATTORNEYS FOR CLAIMANT TRICON ENERGY, LTD.

Dated: December 13, 2010

{00115129.DOC; 1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of December 2010 a copy of the foregoing was electronically served and/or delivered via first-class mail in accordance with 9 U.S.C. § 9, postage pre-paid to:

>Stephen H. Lee
>R. Blake Runions
>Porter & Hedges LLP
>1000 Main Street, 36th Floor
>Houston, Texas 77002

*Tracy D. Larson*
Tracy D. Larson

{00115129.DOC; 1}