FW: MOAB OIL INC/ RICK                                      Page 1 of 1

| | |
|---|---|
| From: | Chem [chem@vinmar.com] |
| Sent: | Tuesday, July 22, 2008 2:16 PM |
| To: | Rick Wilson |
| Subject: | FW: MOAB OIL INC/ RICK |
| Attachments: | Fax Image.TIF |

-----Original Message-----
From: RightFax E-mail Gateway
Sent: Tuesday, July 22, 2008 2:14 PM
To: Chem
Subject: MOAB OIL INC/ RICK

7/22/2008 2:13:09 PM Transmission Record
        Received from remote ID: MOAB OIL INC
        Inbound user ID CHEM, routing code 333
        Result: (0) No Errors
        Page record: 1 - 2
        Elapsed time: 00:56 on channel 4

Fax Images: [double-click on image to view page(s)]



VIN000021

MOAB Oil, Inc.
47 Water Street, 2nd Floor
South Norwalk, CT 06854
Ph: (203) 857-6622   Fax: (203) 857-6699

We are pleased to confirm the following transaction as per our telecon on:          7/22/2008

MOAB CONFIRM # 807220046

| SELLER: | Tricon Energy Ltd.<br>777 Post Oak Blvd<br>#650<br>Houston, TX 77056 | BUYER: | Vinmar International, LTD<br>16800 Imperial Valley Dive<br>Suite 499<br>Houston, TX 77060 |
|---|---|---|---|
| ATTN:<br>FAX:<br>FAX 2: | Brad Lockwood<br>(713) 985-6192<br>(713) 985-6190 | ATTN:<br>FAX:<br>FAX 2: | Rick Wilson<br>rwilson@vinmar.com<br>(281) 618-1390 |

Private & Confidential:

PRODUCT:  Mixed Xylenes

QUANTITY:  5,000 MT  plus/minus five percent, seller's option.

PRICE:  USD 1110.00 per Metric Ton, CFR basis one safe berth Korea/Taiwan..

QUALITY:  Mixed Xylenes meeting ASTM D-5211, latest revisions with 20 maximum Bromine Index.

DELIVERY:
CFR basis one safe berth/port major ports Taiwan or Ulsan Korea, at buyer's option via barge/vessel provided seller during 9/1/2008 - 9/15/2008 seller's option.  Seller shall provide buyer with a minimum of five (5) working days notice of actual discharge date.  Buyer shall declare discharge port not later than August 8, 2008.

LAYTIME/DEMURRAGE AT DISCHARGE:  Per Charter Party.

PAYMENT:
In USD via wire transfer in same day funds into seller's account at its designated bank thirty (30) days after load and receipt of invoice and inspection certificates at load.  Normal credit terms between seller and buyer.

INSPECTION:
Quantity and quality to be inspected at loadport by an independent inspector mutually agreed upon with costs to be shared equally between buyer and seller.  Quantity and quality inspection measurements shall be from static shore tank.

TITLE AND RISK:  Title and risk to pass from seller to buyer as the product passes the barge/vessel's flange at loadport.

GENERAL TERMS AND CONDITIONS:  INCO TERMS 2000 for CFR Sales to govern.

COMMISSION:  As agreed, a commission of 0.50 USD/MT shall be paid to MOAB Oil, Inc. by buyer.

If there is anything outlined contrary to your understanding of our agreement, please notify us immediately by

Tuesday, July 22, 2008                                                                                                Page 1 of 2

Although every effort has been made to ensure the accuracy of the above mentioned transaction, we cannot and will not be held liable for any errors or omissions in content and/or transmission.

VIN000022

facsimile.  Many thanks for allowing us, as brokers, to arrange this transaction for you.

Although every effort has been made to ensure the accuracy of the above mentioned transaction, we cannot and will not be held liable for any errors or omissions in content and/or transmission.

VIN000023

From:          Wesston Stephens [wstephens@moaboil.com]
Sent:          Tuesday, July 22, 2008 3:57 PM
To:            Rick Wilson
Subject:       RE: MOAB OIL CONFIRM REVISION 7/22/2008
Attachments:   vinmar807220046.pdf



VIN00O019



MOAB Oil, Inc.
47 Water Street, 2nd Floor
South Norwalk, CT 06854
Ph: (203) 857-6622   Fax: (203) 857-6699

We are pleased to confirm the following transaction as per our telecon on:          7/22/2008          **AMENDED CONTRACT**

MOAB CONFIRM #: S07220046

| SELLER: | Tricon Energy Ltd. | BUYER: | Vinmar International, LTD |
|---|---|---|---|
| | 777 Post Oak Blvd | | 16800 Imperial Valley Dive |
| | #650 | | Suite 499 |
| | Houston, TX 77056 | | Houston, TX 77060 |
| ATTN: | Brad Lockwood | ATTN: | Rick Wilson |
| FAX: | (713) 985-6192 | FAX: | rwilson@vinmar.com |
| FAX 2: | (713) 985-6190 | FAX 2: | (281) 618-1390 |

**Amended payment terms**

Private & Confidential:

PRODUCT:  Mixed Xylenes

QUANTITY:  5,000 MT  plus/minus five percent, seller's option.

PRICE:  USD 1110.00 per Metric Ton, CFR basis one safe berth Korea/Taiwan..

QUALITY:  Mixed Xylenes meeting ASTM D-5211, latest revisions with 20 maximum Bromine Index.

DELIVERY:
CFR basis one safe berth/port major ports Taiwan or Ulsan Korea, at buyer's option via barge/vessel provided seller during 9/1/2008 - 9/15/2008 seller's option.  Seller shall provide buyer with a minimum of five (5) working days notice of actual discharge date.  Buyer shall declare discharge port not later than August 8, 2008.

LAYTIME/DEMURRAGE AT DISCHARGE:  Per Charter Party.

PAYMENT:  Payment at site by documentary letter of credit.

INSPECTION:
Quantity and quality to be inspected at loadport by an independent inspector mutually agreed upon with costs to be shared equally between buyer and seller.  Quantity and quality inspection measurements shall be from static shore tank.

TITLE AND RISK:  Title and risk to pass from seller to buyer as the product passes the barge/vessel's flange at loadport.

GENERAL TERMS AND CONDITIONS:  INCO TERMS 2000 for CFR Sales to govern.

COMMISSION:  As agreed, a commission of 0.50 USD/MT shall be paid to MOAB Oil, Inc. by buyer.

If there is anything outlined contrary to your understanding of our agreement, please notify us immediately by facsimile.  Many thanks for allowing us, as brokers, to arrange this transaction for you.

Tuesday, July 22, 2008                                                                                                    Page 1 of 1

Although every effort has been made to ensure the accuracy of the above mentioned transaction, we cannot and will not be held liable for any errors or omissions in content and/or transmission.

VIN000020

From:        Wesston Stephens [wstephens@moaboil.com]
Sent:        Wednesday, July 23, 2008 8:23 AM
To:          Rick Wilson
Subject:     RE: MOAB OIL CONFIRM 7/22/2008 (REVISION 2)
Attachments: vinmar807220046.pdf

Regards,
Wess Stephens
MOAB Oil, Inc.
1-203-857-6022



VIN000017



**MOAB Oil, Inc.**
47 Water Street, 2nd Floor
South Norwalk, CT 06854
Ph: (203) 857-6622   Fax: (203) 857-6699

We are pleased to confirm the following transaction as per our telecon on:    7/22/2008    **\*\*AMENDED CONTRACT\*\***

MOAB CONFIRM #: 807220046

| | | | |
|---|---|---|---|
| SELLER: | Tricon Energy Ltd. | BUYER: | Vinmar International, LTD |
| | 777 Post Oak Blvd | | 16800 Imperial Valley Dive |
| | #650 | | Suite 499 |
| | Houston, TX 77056 | | Houston, TX 77060 |
| | | | |
| ATTN: | Brad Lockwood | ATTN: | Rick Wilson |
| FAX: | (713) 985-6192 | FAX: | rwilson@vinmar.com |
| FAX 2: | (713) 985-6190 | FAX 2: | (281) 618-1390 |

**\*\*Amended price\*\***

Private & Confidential:

PRODUCT:  Mixed Xylenes

QUANTITY: 5,000 MT  plus/minus five percent, seller's option.

PRICE:  \*USD 1310.00\* per Metric Ton, CFR basis one safe berth Korea/Taiwan..

QUALITY:  Mixed Xylenes meeting ASTM D-5211, latest revisions with 20 maximum Bromine Index.

DELIVERY:
CFR basis one safe berth/port major ports Taiwan or Ulsan Korea, at buyer's option via barge/vessel provided seller during 9/1/2008 - 9/15/2008 seller's option.  Seller shall provide buyer with a minimum of five (5) working days notice of actual discharge date.  Buyer shall declare discharge port not later than August 8, 2008.

LAYTIME/DEMURRAGE AT DISCHARGE: Per Charter Party.

PAYMENT:  Payment at site by documentary letter of credit.

INSPECTION:
Quantity and quality to be inspected at loadport by an independent inspector mutually agreed upon with costs to be shared equally between buyer and seller.  Quantity and quality inspection measurements shall be from static shore tank.

TITLE AND RISK:  Title and risk to pass from seller to buyer as the product passes the barge/vessel's flange at loadport.

GENERAL TERMS AND CONDITIONS:  INCO TERMS 2000 for CFR Sales to govern.

COMMISSION:  As agreed, a commission of 0.50 USD/MT shall be paid to MOAB Oil, Inc. by buyer.

---

If there is anything outlined contrary to your understanding of our agreement, please notify us immediately by facsimile. Many thanks for allowing us, as brokers, to arrange this transaction for you.

Wednesday, July 23, 2008                                                                                            Page 1 of 1

Although every effort has been made to ensure the accuracy of the above mentioned transaction, we cannot and will not be held liable for any errors or omissions in content and/or transmission.

VIN000018

Page 1 of 1

CopyCenter

| | |
|---|---|
| From: | Brad Lockwood [Lockwoodb@triconenergy.com] |
| Sent: | Wednesday, July 23, 2008 6:25 PM |
| To: | 'Rick Wilson' |
| Cc: | Vuk Rajevac; Jennifer Morin; Amit Bansal |
| Subject: | RE: Vinmar MX Sept CFR Sales Contract.pdf |

Hi, Rick.. We have a couple of different options to use, so it depends on the discharge port you declare, and the etas to that port for the options we have, before we decide which to nominate.

Thank you,
Brad

---

**From:** Rick Wilson [mailto:RWilson@vinmar.com]
**Sent:** Wednesday, July 23, 2008 3:28 PM
**To:** Brad Lockwood
**Cc:** Vuk Rajevac; Jennifer Morin; Amit Bansal
**Subject:** RE: Vinmar MX Sept CFR Sales Contract.pdf

Brad, could you please send me the RCAP for the shipping you arranged for this cargo?
Many thanks.

---

**From:** Brad Lockwood [mailto:Lockwoodb@triconenergy.com]
**Sent:** Wednesday, July 23, 2008 10:57 AM
**To:** Rick Wilson
**Cc:** Vuk Rajevac; Jennifer Morin; Amit Bansal
**Subject:** Vinmar MX Sept CFR Sales Contract.pdf

Rick,

I'm pleased to attach a copy of our sales contract to you for the mixed xylenes deal from yesterday.  Please let Vuk know the contact details for your logistics colleague, so he can be sure to arrange everything properly on this.  Thanks for the business.

Best regards,
Brad Lockwood
Tricon Energy

09/02/2008



TRI 000006



Tricon Energy, Ltd.
777 Post Oak Blvd., Suite 650
Houston, Texas 77056 U.S.A.
Tel (713) 963-0000
Fax (713) 985-6100

Date:  July 22, 2008

Vinmar International, LTD
Attn: Rick Wilson                                    Broker:  MOAB
16800 Imperial Valley Drive, Suite 499
Houston, TX  77060

Phone:
Fax:

Tricon Sales Number:  SA1230-0708HOU

We hereby confirm this agreement between Brad Lockwood of Tricon Energy, Ltd. (Seller) and
Rick Wilson of Vinmar International, LTD (Buyer) on July 22, 2008.

The following sets forth the entire agreement of the parties.

| | |
|---|---|
| Product: | Mixed Xylenes |
| Quantity: | 5,000 Metric Tons +/- 5 % (Vessel's Option) |
| Quality: | ASTM D-5211 with Bl max 20 |
| Price: | USD  $1310.00 / Metric Tons |
| Incoterm: | CFR Ulsan/Taiwan |
| Ship Period: | September 1, 2008 – September 15, 2008 |
| Shipped Via: | Tbn |
| Payment: | At sight |

Credit Terms:   Subject to Seller's credit requirements: Irrevocable and confirmed
                             documentary L/C

If a letter of credit is required, it must be received at least 5 working days prior
to shipment.

Credit:   Jennifer Morin
                Phone:   713-963-0066
                Fax:       713-985-6196

Scheduling/        Mutually acceptable, licensed independent inspector at Load
Invoicing:
                       Cost:          100 % Seller at Load

                       Quantity:    Static shore tank down gauge at Load

                       Quality:      Static shore tank analysis at Load

                       Scheduling:   Vuk Rajevac
                                            Phone: 713-963-0066
                                            Fax:     713-985-6192

TRI 000007

1) Vessel/Barge Acceptance-Vessel and barge nominations to be agreed upon mutually between buyer and seller.

2) Demurrage- Buyer shall be obligated to pay for any and all demurrage liability under this contract as long as seller presents claim and supporting documents.

3) Law and Jurisdiction:  This contract and the rights and duties of the parties arising out of this contract shall be governed by and construed, enforced, and performed in accordance with the laws of the state of Texas, including, without limitation, the Uniform Commercial Code as in effect in the state of Texas, as the same may be amended from time to time, without regard to principles of conflicts of Law.  The parties agree that this agreement shall be accepted and formed in the state of Texas according to the procedures herein set forth.

4) Additional Collateral Requirement:  If, at any time and from time to time during the term of the Agreement, there occurs a Material Adverse Change in the financial condition with respect to the buyer in this agreement, the Seller  may request the buyer to establish a Letter of Credit or prepay for the dollar amount of transaction.

5) Incoterms- Any situations not specifically addressed by this confirmation will be governed by Incoterms 2000 or latest published Incoterms  (to the extent applicable) as in effect at the time of this agreement is entered into. Texas law to control in the event of conflict.

6) Force Majeure - A) Neither party shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of the party, including without limitation, failure or delay caused by or resulting from acts of God, strikes, fires, floods, wars ( whether declared or undeclared), riots, destruction, of the product, delays of carriers due to breakdown or adverse weather, perils of the seas, embargos, accidents voluntary or mandatory restrictions imposed by any governmental authority ( including allocations, priorities, requisitions, quotas, and price controls).

B) If Force Majeure affects seller, seller may at its option, exercised by notice to buyer given within a reasonable time, either ( I ) cancel from this contract the quantities which have not been shipped due to Force Majeure, without affecting the balance of this contract; or  ( II ) ship such quantities in none one or more lots, after seller deems the effect of force majeure to have ended, on the same terms as set forth in this contract.

7) Transfer of Title and Risk-   Transfer of title of the Product will pass from Seller to Buyer upon payment in full of the Total Price and Interest, if any.

Transfer of Risk of damage to or loss of product shall pass from Seller to buyer as follows-

 A) CFR and CIF Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the loading hose and the vessel's permanent hose connection at the loading terminal, or at the time of book, stock or inventory transfer.
 B) Delivered Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the discharging  hose and the vessel's permanent hose connection at the discharging terminal, or at the time of book, stock or inventory transfer.

8) Taxes- Any Taxes now or hereafter imposed directly or indirectly by law upon products sold and delivered ( including storage and /or transportation)  to the Buyer under this Contract which Seller is required to pay or collect may be added to the product price and passed on via explicit surcharge to Buyer.

If Buyer has furnished Seller with a valid resale or other exemption certificate or proof of export acceptable to Seller for sales or use tax purposes or other written proof which, in accordance with law, will lead  to and exemption with regard to taxes, then such taxes shall not be imposed on the sale of product hereunder.  Buyer will however remain liable towards Seller for any taxes due in relation to

Contract Number:  SA1230-0708HOU

TRI 000008

non-applicability or insufficient proof with regard to the applicability of any exemption.

The term "taxes" as mentioned in this Paragraph means any tax ( including without limitation any value added tax, sales tax, use tax, excise tax, storage or property tax, superfund excise tax or split tax), excise duty, customs duty, fees, duties or other charges, or any increase therein, as well as any interest or penalty related thereto.
The term "taxes" will not include any taxes due on profits such as corporate income taxes.

If Buyer is currently registered on Federal IRS Form 637, Buyer shall furnish seller with an unexpired notification certificate meeting the current regulatory requirements. Buyer warrants that its registration has not been revoked or suspended. Buyer shall pay seller any applicable Federal excise taxes if such notification certificate is not supplied to seller prior to delivery. If Buyer is entitled to Purchase product free of any other tax, fees, duties or charges, Buyer shall furnish seller with the proper exemption certificate to cover such purchases prior to delivery. Provided, however, that buyer shall pay to seller the federal excise tax if title to the product sold hereunder is transferred to buyer by means of a book, stock, or any other in-tank transfer or facility pump over from seller's storage account or inventory. The Foregoing proviso does not apply if 1) Buyer provides proof from a common contract carrier that the product was removed from seller's storage account or inventory via pipeline or vessel by a gasoline registrant; or, 2) if the terminal operator notifies the seller that the party receiving the product qualifies as a " position holder" as defined in Treas. Reg. Section 48.4081-1(m), with respect to the product sold hereunder and such receiving party is a gasoline registrant. Late payments shall incur interest and penalties equal to the then applicable state or IRS, as the case may be, interest and penalties for late payments.

9) Arbitration- Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English  pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen.  The decision of any two of the three on any point or points shall be final.  Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Agreement for hearing and determination.  The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance, provided that the arbitrators shall have no authority to award punitive damages.  Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction.  This paragraph shall survive any termination of this agreement.

10) Product Use- Buyer represents and warrants that the product purchased hereunder shall be used for other than gasoline blending purposes in the U.S.  Buyer shall notify seller, as soon as possible, of any change in planned or actual consumption or in use of the product purchased hereunder whether such change is by virtue of buyer's action or those of third parties to whom buyer has sold the product.

11) Price and Payment-  The Total Price and all other amounts  payable by Buyer to Seller under this contract shall be payable without any discount, deduction, set-off, lien, claim or counter claim.  If the Total Price or any other amounts due by Buyer to Seller under this Contract are not paid when due, the interest shall accrue and shall be paid on all amounts outstanding until payment in full is received by the Seller in its designated bank.   Seller reserves the right to charge the maximum allowable interest as per U.S. law for all late payments.

12) Interest- In the event the Buyer fails to make payment on the due date as expressed on Tricon's invoice, the Buyer is subject to an additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice.


Broker- This cancels and supercedes any broker correspondence in relation to this transaction which shall be for the sole purpose of documenting commission, if any.

TRI 000009

Notes:   Buyer to declare OSB Ulsan or Taiwan by August 8, 2008.

Date:   July 22, 2008                                    Accepted Date: _____

By: _____        By: _____
       Printed Name: Brad Lockwood                      Printed Name:  Rick Wilson
       Title:                                           Title:

Please advise your agreement by signing the foregoing and return via fax (713-983-9030) within 24
hours.  In the event we do not receive your reply as requested, then this contract shall be the
governing instrument.

We thank you for the opportunity of concluding this transaction.

TRI 000010

REDACTED

-----Original Message-----
From: Rick Wilson
Sent: Thursday, July 24, 2008 10:15 AM
To: Laurentiu Pascu
Cc: Brad Lockwood
Subject: FW: TRICON ENERGY/ RICK

Laurientiu, I bough MX from Tricon please contact them and make necessary arrangements.   Rick

-----Original Message-----
From: Chem
Sent: Wednesday, July 23, 2008 11:10 AM
To: Rick Wilson
Subject: FW: TRICON ENERGY/ RICK

-----Original Message-----
From: RightFax E-mail Gateway
Sent: Wednesday, July 23, 2008 11:08 AM
To: Chem
Subject: TRICON ENERGY/ RICK

7/23/2008 11:06:36 AM Transmission Record
    Received from remote ID: 7139630030
    Inbound user ID CHEM, routing code 333
    Result: (0) No Errors
    Page record: 1 - 4
    Elapsed time: 02:49 on channel 4

Fax Images: [double-click on image to view page(s)]



VIN 000085

Jul 23 2008 10:53AM  Tricon Energy          7138639030          p.1



Tricon Energy, Ltd.
777 Post Oak Blvd., Suite 650
Houston, Texas 77056 U.S.A.
Tel (713) 963-6000
Fax (713) 965-6150

Date:  July 22, 2008

Vinmar International, LTD
Attn: Rick Wilson                    Broker:  MOAB
16800 Imperial Valley Drive, Suite 499
Houston, TX 77060
Phone:
Fax:

Tricon Sales Number: SA1236-0708HOU

We hereby confirm this agreement between Brad Lockwood of Tricon Energy, Ltd. (Seller) and
Rick Wilson of Vinmar International, LTD (Buyer) on July 22, 2008.

The following sets forth the entire agreement of the parties.

| | |
|---|---|
| Product: | Mixed Xylenes |
| Quantity: | 5,000 Metric Tons +/- 5 % (Vessel's Option) |
| Quality: | ASTM D-5211 with BI max 20 |
| Price: | USD $1310.00 / Metric Tons |
| Incoterm: | CFR Ulsan/Taiwan |
| Ship Period: | September 1, 2008 - September 15, 2008 |
| Shipped Via: | Tba |
| Payment: | At sight |

Credit Terms: Subject to Seller's credit requirements: Irrevocable and confirmed
                                                       documentary L/C
If a letter of credit is required, it must be received at least 5 working days prior
to shipment.
Credit:    Jennifer Morin
              Phone:  713-963-0066
              Fax      713-965-6166

Scheduling/    Mutually acceptable, licensed independent inspector at Load
Invoicing:     Cost:       100 % Seller at Load
               Quantity:   Static shore tank down gauge at Load
               Quality:    Static shore tank analysis at Load
               Scheduling:  Vuk Rajevac
                           Phone: 713-963-0056
                           Fax    713-965-6192

Page 1 of 4

VIN000086

Jul 23 2000 10:53AM  Tricon Energy                7139839030                P.2

1) Vessel/Barge Acceptance-Vessel and barge nominations to be agreed upon mutually between buyer and seller.

2) Demurrage- Buyer shall be obligated to pay for any and all demurrage liability under this contract as long as seller presents claim and supporting documents.

3) Law and Jurisdiction: This contract and the rights and duties of the parties arising out of this contract shall be governed by and construed, enforced, and performed in accordance with the laws of the state of Texas, including, without limitation, the Uniform Commercial Code as in effect in the state of Texas, as the same may be amended from time to time, without regard to principles of conflicts of Law. The parties agree that this agreement shall be accepted and formed in the state of Texas according to the procedures herein set forth.

4) Additional Collateral Requirement  If, at any time and from time to time during the term of the Agreement, there occurs a Material Adverse Change in the financial condition with respect to the buyer in this agreement, the Seller may request the buyer to establish a Letter of Credit or prepay for the dollar amount of transaction.

5) Incoterms- Any situations not specifically addressed by this confirmation will be governed by Incoterms 2000 or latest published Incoterms (to the extent applicable) as in effect at the time of this agreement is entered into. Texas law to control in this event of conflict.

6) Force Majeure -A) Neither party shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of the party, including without limitation, failure or delay caused by or resulting from acts of God, strikes, fires, floods, wars ( whether declared or undeclared), riots, destruction, of the product, delays of carriers due to breakdown or adverse weather, perils of the seas, embargos, accidents voluntary or mandatory restrictions imposed by any governmental authority ( including allocations, priorities, requisitions, quotas, and price controls).

B)  If Force Majeure affects seller, seller may at its option, exercised by notice to buyer given within a reasonable time, either ( I ) cancel from this contract the quantities which have not been shipped due to Force Majeure, without affecting the balance of this contract; or ( II ) ship such quantities in none one or more lots, after seller deems the effect of force majeure to have ended, on the same terms as set forth in this contract.

7) Transfer of Title and Risk-  Transfer of title of the Product will pass from Seller to Buyer upon payment in full of the Total Price and interest, if any.

Transfer of Risk of damage to or loss of product shall pass from Seller to buyer as follows-

A) CFR and CIF Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the leading hose and the vessel's permanent hose connection at the loading terminal, or at the time of book, stock or inventory transfer.
B) Delivered Sales- Risk of damage to or loss of product shall pass from seller to buyer at the  flange connection between the discharging hose and the vessel's permanent hose connection at the discharging terminal, or at the time of book, stock or inventory transfer.

8) Taxes- Any Taxes now or hereafter imposed directly or indirectly by law upon products sold and delivered ( including storage and /or transportation) to the Buyer under this Contract which Seller is required to pay or collect may be added to the product price and passed on via explicit surcharge to Buyer.

If Buyer has furnished Seller with a valid resale or other exemption certificate or proof of export acceptable to Seller for sales or use tax purposes or other written proof which, in accordance with law, will lead to and exemption with regard to taxes, then such taxes shall not be imposed on the sale of product hereunder.  Buyer will however remain liable towards Seller for any taxes due in relation to

Contract Number: ZA1230-0705HOU                                                    Page 2 of 4

VINOO0087

non-applicability or insufficient proof with regard to the applicability of any exemption.

The term "taxes" as mentioned in this Paragraph means any tax, ( including without limitation any value added tax, sales tax, use tax, excise tax, storage or property tax, superfund excise tax or spill tax), excise duty, customs duty, fees, duties or other charges, or any increase therein, as well as any interest or penalty related thereto.
The term "taxes" will not include any taxes due on profits such as corporate income taxes.

If Buyer is currently registered on Federal IRS Form 637, Buyer shall furnish seller with an unexpired notification certificate meeting the current regulatory requirements.  Buyer warrants that its registration has not been revoked or suspended.  Buyer shall pay seller any applicable Federal excise taxes if such notification certificate is not supplied to seller prior to delivery.  If Buyer is entitled to Purchase product free of any other tax, fees, duties or charges, Buyer shall furnish seller with the proper exemption certificate to cover such purchases prior to delivery.  Provided, however, that buyer shall pay to seller the federal excise tax if title to the product sold  hereunder is transferred to buyer by means of a book, stock, or any other in-tank transfer or facility pump over from seller's storage account or inventory.  This Foregoing proviso does not apply if 1) Buyer provides proof from a common contract carrier that the product was removed from seller's storage account or inventory via pipeline or vessel by a gasoline registrant; or, 2) if the terminal operator notifies the seller that the party receiving the product qualifies as a " position holder" as defined in Treas. Reg. Section 48.4081-1(m), with respect to the product sold hereunder and such receiving party is a gasoline registrant. Late payments shall incur interest and penalties equal to the than applicable state or IRS, as the case may be, interest and penalties for late payments.

9) Arbitration- Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English  pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen.  The decision of any two of the three on any point or points shall be final.  Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Agreement for hearing and determination.  The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance, provided that the arbitration shall have no authority to award punitive damages.  Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction.  This paragraph shall survive any termination of this agreement.

10) Product Use- Buyer represents and warrants that the product purchased hereunder shall be used for other than gasoline blending purposes in the U.S. Buyer shall notify seller, as soon as possible, of any change in planned or actual consumption or in use of the product purchased hereunder whether such change is by virtue of buyer's action or those of third parties to whom buyer has sold the product.

11) Price and Payment- -The Total Price and all other amounts  payable by Buyer to Seller under this contract shall be payable without any discount, deduction, set-off, lien, claim or counter claim.  If the Total Price or any other amounts due by Buyer to Seller under this Contract are not paid when due, the interest shall accrue and shall be paid on all amounts outstanding until payment in full is received by the Seller in its designated bank.   Seller reserves the right to charge the maximum allowable interest as per U.S. law for all late payments.

12) Interest- In the event the Buyer fails to make payment on the due date as expressed on Tricon's invoice, the Buyer is subject to an additional interest expense calculated at 9.5% per annum, beginning on the due date listed on the invoice.

Broker- This cancels and supersedes any broker correspondence in relation to this transaction which shall be for the sole purpose of documenting commission, if any.

Contract Number: SAT233-0705HOU                                        Page 3 of 4

VIN000088

Jul 23 2008 10:53AM   Tricon Energy                     7135635030              P.4

Notes:   Buyer to declare OSB Ulsan or Taiwan by August 8, 2008.

Date: July 22, 2008                              Accepted Date: _____

By: _____                          By: _____
    Printed Name: Brad Lockwood                       Printed Name: Rick Wilson
    Title:                                            Title:

Please advise your agreement by signing the foregoing and return via fax (713-953-8030) within 24
hours. In the event we do not receive your reply as requested, then this contract shall be the
governing instrument.

We thank you for the opportunity of concluding this transaction.

Contract Number: SA1335-0722HOU                                          Page 4 of 4

VIN00O089

From:       Laurentiu Pascu [LPascu@vinmar.com]
Sent:       Thursday, July 31, 2008 1:39 PM
To:         Rick Wilson
Subject:    FW: PO4529980 - 5000Mts of MX
Attachments: Document.tif

Best regards,
Laurentiu Pascu

Vinmar International Ltd.
Phone:  281-618-1441
Fax:    281-618-1390
Mob:    713-298-8750

Disclaimer: This E-Mail is the property of Vinmar International and/or its relevant affiliates ("Vinmar"). The information contained in this E-Mail is solely for the intended recipient(s). Access to, disclosure or use of this E-Mail by anyone else is unauthorized. Any opinions expressed in this message are those of the individual sender and not of Vinmar, and are not binding upon Vinmar unless specifically authorized by Vinmar. E-Mail communications are not secure and may suffer errors, viruses, interception and amendment. Anyone communicating with Vinmar by E-Mail accepts the risks involved and their consequences. For assistance, please contact our Mail Administration Department on +1 (281) 618-1365 or e-mail: postmaster@vinmar.com

From: Laurentiu Pascu
Sent: Tuesday, July 29, 2008 4:08 PM
To: 'vuk@triconenergy.com'
Subject: PO4529980 - 5000Mts of MX

Dear Vuk,

Please find enclose our comments on your Sale Confirmation. We shall revert soon with our Purchase Order for your review.

Please advise:
- Advising Bank where the LC should be open (Kindly look to the option and see if possible to have this sale done on Net 30 Days so that unnecessary banking costs could be avoid)
- advise when shipment is expected - be informed that no shipment can take place without us being informed (for Insurance Purpose) and without presence of an Independent Surveyor (out of SGS or ITS) - in this order please let us have:
                - vessel details -
                - port of loading -

Your prompt feedback on the above shall be much appreciated, thank you

Best regards,
Laurentiu Pascu

Vinmar International Ltd.
Phone:  281-618-1441
Fax:    281-618-1390
Mob:    713-298-8750



VIN000003

Disclaimer: This E-Mail is the property of Vinmar International and/or its relevant affiliates ("Vinmar"). The information contained in this E-Mail is solely for the intended recipient(s). Access to, disclosure or use of this E-Mail by anyone else is unauthorized. Any opinions expressed in this message are those of the individual sender and not of Vinmar, and are not binding upon Vinmar unless specifically authorized by Vinmar.  E-Mail communications are not secure and may suffer errors, viruses, interception and amendment. Anyone communicating with Vinmar by E-Mail accepts the risks involved and their consequences. For assistance, please contact our Mail Administration Department on +1 (281) 618-1365 or e-mail: postmaster@vinmar.com

VIN0O0004

Jul 23 2008 10:53AM  Tricon Energy          7139639030          P.1

4529980

**△TRICON**
E N E R G Y

Tricon Energy, Ltd.
777 Post Oak Blvd., Suite 650
Houston, Texas 77056 U.S.A.
Tel (713) 963-0066
Fax(713) 985-6100

Date:  July 22, 2008

Vinmar International, LTD                    Broker:  MOAB
Attn: Rick Wilson
16800 Imperial Valley Drive, Suite 499
Houston, TX 77060

Phone:
Fax:

Tricon Sales Number:  SA1230-0708HOU

We hereby confirm this agreement between Brad Lockwood of Tricon Energy, Ltd. (Seller) and
Rick Wilson of Vinmar International, LTD (Buyer) on July 22, 2008.

The following sets forth the entire agreement of the parties.

| | |
|---|---|
| Product: | Mixed Xylenes |
| Quantity: | 5,000 Metric Tons +/- 5 % (Vessel's Option) |
| Quality: | ASTM D-5211 with Bf max 20 |
| Price: | USD $1310.00 / Metric Tons |
| Incoterm: | CFR Ulsan/Taiwan |
| Ship Period: | September 1, 2008 - September 15, 2008 |
| Shipped Via: | Tbn |
| Payment: | At sight |
| Credit Terms: | Subject to Seller's credit requirements: Irrevocable ~~unconfirmed~~ documentary L/C |

*ARRIVAL AT DESTINATION*

If a letter of credit is required, it must be received at least 5 working days prior
to shipment.

Credit:    Jennifer Morin
            Phone:   713-963-0066
            Fax:     713-985-6198

| | | |
|---|---|---|
| Scheduling/ Invoicing: | Mutually acceptable, licensed independent Inspector at Load | |
| | Cost: | 100 % Seller at Load |
| | Quantity: | Static shore tank down gauge at Load |
| | Quality: | Static shore tank analysis at Load |
| | Scheduling: | Vuk Rajevac |
| | | Phone: 713-963-0066 |
| | | Fax:   713-985-6192 |

050  09/15
EX  09/30  051.02/MT
$ 5095.56

VIN000005

Jul 23 2008 10:53AM  Tricon Energy          7139639030          P.2

1) Vessel/Barge Acceptance-Vessel and barge nominations to be agreed upon mutually between buyer and seller.

2) Demurrage- Buyer shall be obligated to pay for any and all demurrage liability under this contract as long as seller presents claim and supporting documents. *TIME BAR IS 60 DAYS*

3) Law and Jurisdiction: This contract and the rights and duties of the parties arising out of this contract shall be governed by and construed, enforced, and performed in accordance with the laws of the state of Texas, including, without limitation, the Uniform Commercial Code as in effect in the state of Texas, as the same may be amended from time to time, without regard to principles of conflicts of Law. The parties agree that this agreement shall be accepted and formed in the state of Texas according to the procedures herein set forth.

4) Additional Collateral Requirement: If, at any time and from time to time during the term of the Agreement, there occurs a Material Adverse Change in the financial condition with respect to the buyer in this agreement, the Seller may request the buyer to establish a Letter of Credit or prepay for the dollar amount of transaction.

5) Incoterms- Any situations not specifically addressed by this confirmation will be governed by Incoterms 2000 or latest published Incoterms (to the extent applicable) as in effect at the time of this agreement is entered into. Texas law to control in the event of conflict.

6) Force Majeure - A) Neither party shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of the party, including without limitation, failure or delay caused by or resulting from acts of God, strikes, fires, floods, wars (whether declared or undeclared), riots, destruction, of the product, delays of carriers due to breakdown or adverse weather, perils of the seas, embargos, accidents voluntary or mandatory restrictions imposed by any governmental authority (including allocations, priorities, requisitions, quotas, and price controls).

B) If Force Majeure affects seller, seller may at its option, exercised by notice to buyer given within a reasonable time, either (1) cancel from this contract the quantities which have not been shipped due to Force Majeure, without affecting the balance of this contract; or (II) ship such quantities in none one or more lots, after seller deems the effect of force majeure to have ended, on the same terms as set forth in this contract.

7) Transfer of Title and Risk- Transfer of title of the Product will pass from Seller to Buyer upon payment in full of the Total Price and interest, if any. *AS PER INCOTERM 2000*

Transfer of Risk of damage to or loss of product shall pass from Seller to buyer as follows-

A) CFR and CIF Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the loading hose and the vessel's permanent hose connection at the loading terminal, or at the time of book, stock or inventory transfer.
B) Delivered Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the discharging hose and the vessel's permanent hose connection at the discharging terminal, or at the time of book, stock or inventory transfer.

8) Taxes-Any Taxes now or hereafter imposed directly or indirectly by law upon products sold and delivered (including storage and /or transportation) to the Buyer under this Contract which Seller is required to pay or collect may be added to the product price and passed on via explicit surcharge to Buyer.

If Buyer has furnished Seller with a valid resale or other exemption certificate or proof of export acceptable to Seller for sales or use tax purposes or other written proof which, in accordance with law, will lead to and exemption with regard to taxes, then such taxes shall not be imposed on the sale of product hereunder. Buyer will however remain liable towards Seller for any taxes due in relation to

Contract Number: SA1230-0708HOU                                    Page 2 of 4

VIN00006

non-applicability or insufficient proof with regard to the applicability of any exemption.

The term "taxes" as mentioned in this Paragraph means any tax ( including without limitation any value added tax, sales tax, use tax, excise tax, storage or property tax, superfund excise tax or spill tax), excise duty, customs duty, fees, duties or other charges, or any increase therein, as well as any interest or penalty related thereto.
The term "taxes" will not include any taxes due on profits such as corporate income taxes.

If Buyer is currently registered on Federal IRS Form 637, Buyer shall furnish seller with an unexpired notification certificate meeting the current regulatory requirements. Buyer warrants that its registration has not been revoked or suspended. Buyer shall pay seller any applicable Federal excise taxes if such notification certificate is not supplied to seller prior to delivery. If Buyer is entitled to Purchase product free of any other tax, fees, duties or charges, Buyer shall furnish seller with the proper exemption certificate to cover such purchases prior to delivery. Provided, however, that buyer shall pay to seller the federal excise tax if title to the product sold hereunder is transferred to buyer by means of a book, stock, or any other in-tank transfer or facility pump over from seller's storage account or inventory. The Foregoing proviso does not apply if 1) Buyer provides proof from a common contract carrier that the product was removed from seller's storage account or inventory via pipeline or vessel by a gasoline registrant; or, 2) if the terminal operator notifies the seller that the party receiving the product qualifies as a " position holder" as defined in Treas. Reg. Section 48.4081-1(m), with respect to the product sold hereunder and such receiving party is a gasoline registrant. Late payments shall incur interest and penalties equal to the then applicable state or IRS, as the case may be, interest and penalties for late payments.

9) Arbitration- Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Agreement for hearing and determination. The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance, provided that the arbitrators shall have no authority to award punitive damages. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction. This paragraph shall survive any termination of this agreement.

10) Product Use- Buyer represents and warrants that the product purchased hereunder shall be used for other than gasoline blending purposes in the U.S. Buyer shall notify seller, as soon as possible, of any change in planned or actual consumption or in use of the product purchased hereunder whether such change is by virtue of buyer's action or those of third parties to whom buyer has sold the product.

11) Price and Payment- The Total Price and all other amounts payable by Buyer to Seller under this contract shall be payable without any discount, deduction, set-off, lien, claim or counter claim. If the Total Price or any other amounts due by Buyer to Seller under this Contract are not paid when due, the interest shall accrue and shall be paid on all amounts outstanding until payment in full is received by the Seller in its designated bank. Seller reserves the right to charge the maximum allowable interest as per U.S. law for all late payments.

12) Interest- In the event the Buyer fails to make payment on the due date as expressed on Tricon's invoice, the Buyer is subject to an additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice.

Broker- This cancels and supercedes any broker correspondence in relation to this transaction which shall be for the sole purpose of documenting commission, if any.

VIN000007

Jul 23 2008 10:53AM  Tricon Energy          7139639030          P.4

Notes:   Buyer to declare OSB Ulsan or Taiwan by August 8, 2008.

Date:  July 22, 2008                        Accepted Date: _____

By: _____        By: _____
    Printed Name: Brad Lockwood                Printed Name:  Rick Wilson
    Title:                                     Title:

Please advise your agreement by signing the foregoing and return via fax (713-963-9030) within 24 hours.  In the event we do not receive your reply as requested, then this contract shall be the governing instrument.

We thank you for the opportunity of concluding this transaction.

VIN000008

Vuk Rajevac

| | |
|---|---|
| From: | Vuk Rajevac |
| Sent: | Tuesday, July 29, 2008 4:43 PM |
| To: | Laurentiu Pascu |
| Subject: | RE: PO4529980 - 5000Mts of MX |

Hi Laurentiu,

To answer your questions:

1) Your comments on the contract well noted and accepted except for Demurrage time bar which is 90 days as per industry wide standard

2) I will let you know which advising bank we will be using once I know which cargo we will be giving to Vinamar. Also, the deal was done on At Sight basis and the only way we can do 30 days is if we are compensated for the cost of capital for the additional 30 days.

3) As far as the shipment details, we sold on CFR basis with arrival window, so once you declare the discharge port (by Aug 8th) we will be able to decide whether to give you a deep sea cargo (which at that point will most likely already be on the water) or an Asian origin cargo. Unfortunately, with deep sea Asia trade it is not always possible to know which cargo will be the delivered since the ETAs are hard to keep (due to Panama crossing, weather in the Pacific, etc) and since we guarantee the arrival window, we always have to keep a few options open in order to perform.

If you have any questions, let me know. Thanks!

Best Regards!
Vuk Rajevac
TRICON ENERGY, Ltd.
777 Post Oak Blvd.
Suite 650
Houston, TX 77056
Tel:+ 1 (713) 963 0055
Tel:+ 1 (713) 961 4821 (direct)
Tel:+ 1 (832) 545 2368 (mobile)
Fax:+ 1 (713) 820 9683
Yahoo: vrajevac

From: Laurentiu Pascu [mailto:LPascu@vinmar.com]
Sent: Tuesday, July 29, 2008 4:08 PM
To: Vuk Rajevac
Subject: PO4529980 - 5000Mts of MX

Dear Vuk,

Please find enclose our comments on your Sale Confirmation. We shall revert soon with our Purchase Order for your review.


PLAINTIFF'S EXHIBIT H

VINO00027

Jul 23 2008 10:53AM  Tricon Energy

7135035030          No.1

4529980



Tricon Energy, LLC
777 Post Oak Blvd., Suite 650
Houston, Texas 77056 U.S.A.
Tel: (713) 963-6000
Fax: (713) 963-6166

Date: July 22, 2008

Vinmar International, LTD          Broker: MOAB
Attn: Rick Wilson
16800 Imperial Valley Drive, Suite 459
Houston, TX 77060

Phone:
Fax:

Tricon Sales Number: SA1230-0706HOU

We hereby confirm this agreement between Brad Lockwood of Tricon Energy, Ltd. (Seller) and
Rick Wilson of Vinmar International, LTD (Buyer) on July 22, 2008.

The following sets forth the entire agreement of the parties.

Product:        Mixed Xylenes
Quantity:       5,000 Metric Tons +/- 5 % (Vessel's Option)
Quality:        ASTM D-5211 with BI max 20
Price:          USD $1310.50 / Metric Tons
Incoterm:       CFR Ulsan/Taiwan
Ship Period:    September 1, 2008 - September 15, 2008          *ARRIVAL AT DESTINATION*
Shipped Via:    Tbn

Payment:        At sight

Credit Terms:   Subject to Seller's credit requirements: Irrevocable autoconfirmed documentary L/C

                If a letter of credit is required, it must be received at least 5 working days prior
                to shipment.
                Credit:   Jennifer Morin
                          Phone:  713-963-0005
                          Fax:    713-985-0153

Scheduling/     Mutually acceptable, licensed independent inspector at Load
Invoicing:      Cost        100 % Seller at Load
                Quantity:   Static shore tank down gauge at Load
                Quality:    Static shore tank analysis at Load
                Scheduling: Vuk Rajarao
                            Phone: 713-963-0055
                            Fax:   713-985-5152

Page 1 of 4

LSD  09/15
EX   09/30   -$1.02/mt
$5095.56

VIN000028

1) Vessel/Barge Acceptance-Vessel and barge nominations to be agreed upon mutually between buyer and seller.

2) Demurrage- Buyer shall be obligated to pay for any and all demurrage liability under this contract as long as seller presents claim and supporting documents.   *THE BAR IS 60 DAYS*

3) Law and Jurisdiction. This contract and the rights and duties of the parties arising out of this contract, shall be governed by and construed, enforced, and performed in accordance with the laws of the state of Texas, including, without limitation, the Uniform Commercial Code as in effect in the state of Texas, as the same may be amended from time to time, without regard to principles of conflicts of Law. The parties agree that this agreement shall be accepted and formed in the state of Texas according to the procedures herein set forth.

4) Additional Collateral Requirement. If, at any time and from time to time during the term of the Agreement, there occurs a Material Adverse Change in the financial condition with respect to the buyer in this agreement, the Seller, may request the buyer to establish a Letter of Credit or prepay for the dollar amount of transaction.

5) Incoterms- Any situations not specifically addressed by the confirmation will be governed by Incoterms 2000 or latest published Incoterms (to the extent applicable) as in effect at the time of this agreement is entered into. Texas law to control in the event of conflict.

6) Force Majeure - A) Neither party shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of the party, including without limitation, failure or delay caused by or resulting from acts of God, strikes, fires, floods, wars (whether declared or undeclared), riots, destruction of the product, delays of carriers due to breakdown or adverse weather, perils of the seas, embargoes, accidents voluntary or mandatory restrictions imposed by any governmental authority ( including allocations, priorities, requisitions, quotas, and price controls).

B) If Force Majeure affects seller, seller may at its option, exercised by notice to buyer given within a reasonable time, either (1) cancel from this contract the quantities which have not been shipped due to Force Majeure, without affecting the balance of this contract; or ( 2 ) ship such quantities in no case or more late, after seller deems the effect of force majeure to have ended, on the same terms as set forth in this contract.

7) Transfer of Title and Risk- Transfer of title of the Product will pass from Seller to Buyer upon payment in full of the Total Price and Interest, Term. *L3 PER INCO TERM 2000*

Transfer of Risk of damage to or loss of product shall pass from Seller to buyer as follows:

A) CFR and CIF Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the loading hose and the vessel's permanent hose connection at the loading terminal, or at the time of book-stock-or-inventory transfer.

B) Delivered Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the discharging hose and the vessel's permanent hose connection at the discharging terminal, or at the time of book-stock-or inventory transfer.

8) Taxes- Any Taxes now or hereafter imposed directly or indirectly by law upon products sold and delivered ( including storage and /or transportation) to the Buyer under this Contract which Seller is required to pay or collect may be added in the product price and passed on via explicit surcharge to Buyer.

If Buyer has furnished Seller with a valid resale or other exemption certificate or proof of export acceptable to Seller for sales or use tax purposes or other written proof which, in accordance with law, will lead to and exemption with regard to taxes, then such taxes shall not be imposed on the sale of product hereunder. Buyer will however remain liable towards Seller for any taxes due in relation to

VIN000029

non-applicability or insufficient proof with regard to the applicability of any exemption.

The term "taxes" as mentioned in this Paragraph means any tax ( including without limitation any value added tax, sales tax, use tax, excise tax, storage or property tax, superadded excise tax or spill tax), excise duty, customs duty, fees, duties or other charges, or any increase therein, as well as any interest or penalty related thereto.
The term "taxes" will not include any taxes due on profits such as corporate income taxes.

If Buyer is currently registered on Federal IRS Form 637, Buyer shall furnish seller with an unexpired notification certificate meeting the current regulatory requirements. Buyer warrants that its registration has not been revoked or suspended. Buyer shall pay seller any applicable Federal excise taxes if such notification certificate is not supplied to seller prior to delivery. If Buyer is entitled to Purchase product free of any other tax, fees, duties or charges, Buyer shall furnish seller with the proper exemption certificate to cover such purchases prior to delivery. Provided, however, that buyer shall pay to seller the federal excise tax if title to the product sold hereunder is transferred to buyer by means of a book, stock, or any other in-tank transfer or facility pump over from seller's storage account or inventory. The foregoing proviso does not apply if 1) Buyer provides proof from a common contract carrier that the product was removed from seller's storage account or inventory via pipeline or vessel by a passline registrant or, 2) if the terminal operator notifies the seller that the party receiving the product qualifies as a " position holder" as defined in Treas. Reg. Section 48.4031-1(m), with respect to the product sold hereunder and such receiving party is a passline registrant. Late payments shall bear interest and penalties equal to the then applicable state or IRS, as the case may be, interest and penalties for late payments.

9) Arbitration- Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen. The decision of any two of the three or any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Agreement for hearing and determination. The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance, provided that the arbitrators shall have no authority to award punitive damages. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction. This paragraph shall survive any termination of this agreement.

10) Product Use- Buyer represents and warrants that the product purchased hereunder shall be used for other than gasoline blending purposes in the U.S. Buyer shall notify seller, as soon as possible, of any change is planned or actual consumption or is use of the product purchased hereunder whether such change is by virtue of buyer's action or those of third parties to whom buyer has sold the product.

11) Price and Payment- The Total Price and all other amounts payable by Buyer to Seller under this contract shall be payable without any discount, deduction, set-off, lien, claim or counter claim. If the Total Price or any other amounts due by Buyer to Seller under this Contract are not paid when due, the interest shall accrue and shall be paid on all amounts outstanding until payment in full is received by the Seller in its designated bank. Seller reserves the right to charge the maximum allowable interest as per U.S. law for all late payments.

12) Interest- In the event the Buyer fails to make payment on the due date as expressed on Trican's invoice, the Buyer is subject to an additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice.

Broker- This cancels and supercedes any broker correspondence in relation to this transaction which shall be for the sole purpose of determining commission, if any.

VIN00000030

Note:  Buyer to declare OSB Utica or Toluen by August 8, 2008.

Date:  July 22, 2008                    Accepted Date: _____

By: _____                    By: _____
    Printed Name: Brad Lockwood             Printed Name: Rick Wilson
    Title:                                  Title:

Please advise your agreement by signing the foregoing and return via fax (713-963-9030) within 24
hours.  In the event we do not receive your reply as requested, then this contract shall be the
governing instrument.

We thank you for the opportunity of concluding this transaction.

Contract Number: EATZ00-070810U                              Page 4 of 4

VIN000031