# **APPENDIX TAB B**

April 8, 2009 correspondence to AAA

**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**
*attorneys at law*

JPMorgan Chase Tower
Suite 4700
600 Travis Street
Houston, Texas 77002
Stephen H. Lee, Partner

Telephone
(713) 228-5100
Telecopier
(713) 228-6138
slee@drhrlaw.com

April 8, 2009

***Via* E-mail – NewhallC@adr.org**
Ms. Christine Newhall
Senior Vice President, Case Management
American Arbitration Association
One Center Plaza, Suite 300
Boston, MA 02108

      Re:    Case No. 70 198 Y 00168 09
               *Tricon Energy, Ltd. v. Vinmar International Ltd.*

Dear Ms. Newhall:

      I am counsel for Vinmar International Ltd. ("Vinmar") and write to you in response to the attached letter I received from the Dallas Office of the American Arbitration Association ("AAA") with respect to the above-referenced matter.

      Vinmar has never agreed to submit its dispute with Tricon Energy, Ltd. ("Tricon") to arbitration with AAA or any other organization. Despite Vinmar's objection to AAA's jurisdiction, AAA has determined that it will proceed to hear this matter even though there is no arbitration agreement. AAA has no authority to hear a dispute unless the parties have agreed to submit the controversy to AAA. In addition, under these circumstances, AAA does not have the power or authority to render a decision on whether the parties have agreed to arbitrate a dispute. Instead, a Texas court must make this determination before AAA can proceed to hear the dispute. *See, e.g., In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005) (finding that courts, not arbitrators, must decide "gateway matters" such as whether a valid arbitration agreement exists). AAA simply does not have the authority to decide whether it has jurisdiction to hear this case.

      As the party seeking to invoke the arbitration process, Tricon has the burden to obtain an order from a court of competent jurisdiction compelling Vinmar to arbitrate this dispute. AAA has no authority or power to proceed in the absence of such an order. This is particularly true in this case where there was no agreement between the parties and where the alleged agreement Tricon claims supports arbitration does not vest an arbitrator with the authority to determine whether there is in fact an agreement to arbitrate. In this instance, AAA's decision to allow Tricon to transfer the burden and expense of challenging AAA's right to hear this dispute to Vinmar is inconsistent with AAA's own policies and mission statement. AAA has a responsibility to assert its right to entertain a dispute only when it is

Ms. Christine Newhall
April 8, 2009
Page 2

clear that the parties have agreed to submit their disputes to arbitration. Requiring Vinmar to incur the time and expense associated with obtaining a court order enjoining AAA from further proceedings until the question of arbitrability is determined by a court is not in keeping with AAA's charter.

In a final effort to avoid unnecessary expense, Vinmar requests that AAA stay this case until and unless Tricon obtains a final order from a court of competent jurisdiction finding that an enforceable arbitration agreement exists between the parties. In light of AAA's stated intent to proceed with an administrative conference on April 16, 2009, please inform me of AAA's position no later than the close of business on Monday, April 13, 2009. If AAA refuses to stay this proceeding as requested, Vinmar will be forced to pursue any and all available remedies, which may include obtaining an order enjoining AAA and Tricon from proceeding with this case.

Very truly yours,

Stephen H. Lee

SHL/mm
Attachment

cc: George R. Diaz-Arrastia (*via* e-mail – gdarrastia@sdablaw.com)
Angela A. Malian-Mills (*via* e-mail – MalianA@adr.org)
Kathleen A. Gossett-Cantrell (*via* e-mail – CantrellK@adr.org)