# **APPENDIX TAB F**

Vinmar's Objections and Responses to Tricon's First Requests for Production

AMERICAN ARBITRATION ASSOCIATION
HOUSTON, TEXAS

| | | |
|---|---|---|
| Tricon Energy, Ltd., | : | |
| Claimant, | : | |
| - against – | : | Case No. 70 198 Y 00168 09 |
| Vinmar International, LTD, | : | |
| Respondent. | : | |

## VINMAR INTERNATIONAL, LTD.'S OBJECTIONS AND RESPONSES TO TRICON ENERGY, LTD.'S FIRST REQUESTS FOR PRODUCTION

Respondent Vinmar International, Ltd. ("Vinmar") objects to Claimant Tricon Energy, Ltd.'s ("Tricon") attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Requests for Production, is subject to and without waiver of its objections to the American Arbitration Association's lack of jurisdiction. Vinmar's objections and responses to Tricon's Requests for Production is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement. Subject to its ongoing objection, Vinmar files the following objections and responses to Tricon's First Requests for Production. Vinmar reserves the right to amend, modify, or supplement the objections and answers stated herein.

## GENERAL OBJECTIONS

Vinmar makes the following general objections. All responses are subject to these objections, and the general objections are incorporated by reference into each individual response as if fully set forth therein. Vinmar does not waive any of these general objections by providing specific responses below.

1. Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Requests for Production, is subject to and without waiver of its objections to the American Arbitration Association's ("AAA") lack of jurisdiction. Vinmar's objections and responses to Tricon's Requests for Production is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

2. Vinmar objects to the Requests for Production (the "Requests") to the extent the information sought is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity that protects the information from disclosure. The inadvertent or unintentional disclosure of a document or electronically stored information that is subject to an assertion of confidentiality or privilege shall not be deemed to be a waiver in whole or in part of the confidential or privileged nature of the documents or electronically stored information disclosed, or as to any other documents or information relating thereto or on the same or a related subject matter.

3. Vinmar objects to the Requests to the extent the information sought is confidential, private, proprietary, or trade secret information, or documents or electronically stored information protected from disclosure by, without limitation, any agreement with respect to confidentiality or nondisclosure.

4. Vinmar objects to the Requests to the extent the information and documents sought are irrelevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

5. Vinmar objects to the Requests to the extent they are unreasonably cumulative, duplicative, and burdensome because they request the production of documents that Vinmar has previously produced to Tricon. Subject to its ongoing objection to the arbitration proceeding, on December 16, 2009, Vinmar produced documents labeled VIN000001 – VIN000023. Vinmar objects to Tricon's Requests to the extent they purport to request documents produced as part of the December 16, 2009 production.

6. Vinmar objects to Definition No. 3 on the grounds that it is unduly burdensome to the extent the definition purports to require Vinmar to respond on behalf of any other individuals or entities other than Vinmar. Vinmar further objects to the extent any Request suggests that it

must undertake to obtain information from third parties to respond. Vinmar will respond on its own behalf and not on behalf of any other person or entity.

7. Vinmar objects to Definition No. 4 as unduly burdensome, vague, and susceptible to multiple interpretations to the extent the Definition suggests completion of any sale or the existence of any binding agreement.

8. Vinmar objects to Definition No. 7 as unduly burdensome, vague, and susceptible to multiple interpretations to the extent the Definition suggests the existence of any binding "contract, agreement and/or deal."

9. Vinmar objects to Definition No. 8 as unduly burdensome, vague, and susceptible to multiple interpretations to the extent the Definition suggests the existence of any binding "contract, agreement and/or deal."

10. Vinmar objects to Instruction No. 3 on the grounds that it is unduly burdensome to the extent that the Instruction purports to require Vinmar to furnish information on behalf of any other party besides Vinmar. Vinmar will only furnish information on its own behalf and not on behalf of any other person or entity.

11. Nothing contained in Vinmar's responses is intended, or in any way shall be deemed, as a waiver of any available objection, privilege, or immunity. No information will be given in response to a request that is subject to a claim of attorney-client privilege and/or work product immunity or any other applicable privilege or immunity. If any such information is disclosed, except pursuant to a specific written agreement covering such documents, the disclosure shall be deemed inadvertent and shall not be an intention to waive any applicable privilege or immunity.

## OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION 1:

All documents related to information used, identified, referenced or otherwise incorporated into any of Vinmar's responses to Tricon's interrogatory requests.

### RESPONSE:

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 1, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 1 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION 2:**

All documents related to the MX at issue and/or this dispute.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 2, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 2 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in time or scope.

Vinmar further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION 3:**

All documents related to Vinmar's interest in purchasing and/or selling mixed xylene between July 15, 2008 and August 25, 2008.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 3, is subject to and without

1800114v3     4

waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 3 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in scope.

Vinmar further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION 4:

All communications between Vinmar and MOAB Oil related to the MX at issue, this dispute and/or Vinmar's interest in purchasing and/or selling mixed xylene between July 15, 2008 and August 25, 2008.

### RESPONSE:

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 4, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 5 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as vague, overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in scope.

Vinmar further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION 5:

All communications between Vinmar and Tricon related to the MX at issue, this dispute and/or Vinmar's interest in purchasing and/or selling mixed xylene between July 15, 2008 and August 25, 2008.

### RESPONSE:

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 5, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 5 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as vague, overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in scope.

Vinmar further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

### REQUEST FOR PRODUCTION 6:

All communications between Vinmar and any person related to the MX at issue, this dispute and/or Vinmar's interest in purchasing and/or selling mixed xylene between July 15, 2008 and August 25, 2008.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 6, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 6 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as vague, overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in scope.

Vinmar further objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

Subject to and without waiving the foregoing objections, Vinmar refers Tricon to previously produced documents VIN000001 – VIN000023. Vinmar will produce any further non-privileged, responsive documents for inspection and copying at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION 7:**

The complete file of each expert retained by Vinmar in connection with this dispute, including but not limited to all documents and communications reviewed, prepared, created and/or generated by each expert, including drafts, as well as all communications between Vinmar and each expert.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 7, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 7 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar further objects to this request because it seeks information protected by the attorney work product privilege.

Subject to and without waiving the foregoing objections, Vinmar has not identified its testifying experts. Vinmar will provide the information required by the appropriate deadlines provided in the AAA Scheduling Letter dated December 2, 2009.

**REQUEST FOR PRODUCTION 8:**

All documents identifying or describing the credentials and background of each expert retained by Vinmar in connection with this dispute.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 8, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 8 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar further objects to this request because it seeks information protected by the attorney work product privilege.

Subject to and without waiving the foregoing objections, Vinmar has not identified its testifying experts. Vinmar will provide the information required by the appropriate deadlines provided in the AAA Scheduling Letter dated December 2, 2009.

**REQUEST FOR PRODUCTION 9:**

A copy of every contract, agreement, deal, broker's memorandum and/or confirming memorandum related to the sale or purchase of goods, and to which Vinmar and Tricon were parties, that was negotiated, concluded, finalized, created, generated and/or signed at some point in the past five years.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be

heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 9, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 9 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in time or scope. Vinmar further objects to this Request as irrelevant.

### REQUEST FOR PRODUCTION 10:

A copy of every contract, agreement, deal, broker's memorandum and/or confirming memorandum involving the sale or purchase of goods to or by Vinmar, where MOAB Oil brokered or was in any way involved in negotiating, concluding, finalizing, creating or generating the contract, agreement, deal, broker's memorandum and/or confirming memorandum at some point in the past five years.

### RESPONSE:

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 10, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 10 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in time or scope. Vinmar further objects to this Request as irrelevant.

### REQUEST FOR PRODUCTION 11:

All documents related to any instance in which: a person sold or attempted to sell any commodity to Vinmar; the sale or attempted sale was documented or memorialized in a contract, agreement, deal, broker's memorandum and/or confirming memorandum; and Vinmar refused to

take delivery of the commodity on grounds that no legally binding contract existed or on grounds that Vinmar's performance was not legally required for some other reason.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 11, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 11 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in time or scope. Vinmar further objects to this Request as irrelevant.

**REQUEST FOR PRODUCTION 12:**

All documents related to any instance in which: Vinmar sold or attempted to sell any commodity to a person; the sale or attempted sale was documented or memorialized in a contract, agreement, deal, broker's memorandum and/or confirming memorandum; and the person refused to take delivery of the commodity on grounds that no legally binding contract existed or on grounds that the person's performance was not legally required for some other reason.

**RESPONSE:**

Vinmar reasserts its objection to Tricon's attempt to pursue its claim in arbitration. There is no enforceable arbitration provision between Vinmar and Tricon, and Vinmar never agreed to arbitrate this dispute. Subject to this ongoing objection, Vinmar must act to protect its right to be heard. Vinmar's involuntary participation in any aspect of this proceeding, including offering objections and responses to Tricon's Request for Production No. 12, is subject to and without waiver of its objections to the AAA's lack of jurisdiction. Vinmar's objections and responses to Request for Production No. 12 is not an admission that there is an arbitration agreement, not does it constitute a waiver of Vinmar's continued objection to this entire process because there is no arbitration agreement.

Vinmar also objects to this Request as overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not reasonably limited in time or scope. Vinmar further objects to this Request as irrelevant.

Respectfully submitted,

PORTER & HEDGES, L.L.P.

By: _____R. BR_____
Stephen H. Lee
R. Blake Runions
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 228-1331

ATTORNEYS FOR RESPONDENT
VINMAR INTERNATIONAL, LTD.

January 21, 2010

1800114v3                                11