# APPENDIX TAB K

Respondent's Supplemental Motion to Dismiss for Lack
of Jurisdiction and, Subject Thereto, Its Answer and
Defenses to Claimant's First Amended Specification of
Claims

AMERICAN ARBITRATION ASSOCIATION
HOUSTON, TEXAS

Tricon Energy, Ltd.,                          :
                                              :
                  Claimant,                   :
                                              :
           - against –                        :        Case No. 70 198 Y 00168 09
                                              :
Vinmar International, Ltd.,                    :
                                              :
                  Respondent.                 :

**RESPONDENT'S SUPPLEMENTAL MOTION TO DISMISS FOR LACK OF
JURISDICTION AND, SUBJECT THERETO, ITS ANSWER AND DEFENSES
TO CLAIMANT'S FIRST AMENDED SPECIFICATION OF CLAIMS**

**TO THE HONORABLE PANEL:**

Vinmar International, Ltd. ("Vinmar") supplements its continuing objection to

jurisdiction and renews yet again its request that the Panel dismiss this case because it

does not have jurisdiction to hear this dispute. Subject to and without waiver of its

objection and request for dismissal, Vinmar also serves its answer and defenses to the

First Amended Specification of Claims filed by Tricon Energy, Ltd. ("Tricon").

**I.**

**OBJECTION TO ARBITRATION AND MOTION TO DISMISS**

From the very inception of this proceeding and in response to Tricon's

Specification of Claims, Vinmar has objected to the jurisdiction of the American

Arbitration Association and this Panel (collectively "AAA"). In further supplementation

of its objection to jurisdiction, Vinmar again requests dismissal of this proceeding. AAA

does not have jurisdiction over this dispute and does not have power to render an

enforceable award because whether Tricon's claim is subject to arbitration is an issue

1974580v1

only the courts have power to decide. Vinmar challenges the very existence of an agreement to arbitrate. The parties never reached an agreement and, if they did, the agreement did not provide for the arbitration of disputes. Vinmar has not consented to this proceeding, nor has Vinmar agreed to submit this dispute to arbitration. Because AAA does not have jurisdiction to hear this dispute, the claim should be dismissed.

## II.
### GENERAL DENIAL

Subject to and without waiver of its objection to arbitration and its motion to dismiss for lack of jurisdiction, Vinmar generally denies all of the material allegations in Tricon's First Amended Specification of Claims, and all amendments or supplemental pleadings, and demands strict proof of all such material allegations in accordance with Rule 92 of the Texas Rules of Civil Procedure and the Texas Constitution. The evidence reveals that the parties never reached an agreement because the parties did not agree on all essential terms. Absent an enforceable contract, Tricon's claim fails.

## III.
### SPECIFIC DENIALS OR AFFIRMATIVE DEFENSES

Subject to and without waiver of its objection and its motion to dismiss for lack of jurisdiction, Vinmar also pleads the following specific denials or affirmative defenses to Tricon's claim:

AAA does not have the authority or the jurisdiction to decide whether the parties agreed to arbitrate this dispute. Instead, this gateway matter is reserved exclusively for

the courts. Tricon has failed to obtain a court order or other finding to establish AAA's jurisdiction in this case and AAA does not have any authority to act.

AAA lacks jurisdiction to hear this dispute or to render a valid, enforceable award because there is no arbitration agreement and Vinmar has not consented to or otherwise agreed to arbitration.

The Uniform Commercial Code applies to the alleged transaction at issue in this case and, through application of the principles and provisions of the Uniform Commercial Code, Tricon's claims fail in whole or in part.

Tricon's claims fail because an enforceable contract does not exist.

The statute of frauds, Article 2.201 of the Texas Business and Commerce Code, bars Tricon's claims, in whole or in part.

Tricon's claims are barred in whole or in part because the parties never reached an agreement on all essential terms of a contract.

Tricon's claims are barred in whole or in part because there was no meeting of the minds between the parties.

Tricon's claims are barred in whole or in part under the doctrine of mutual mistake.

Tricon's claims are barred in whole or in part because any alleged contract was rescinded.

Tricon's claims are barred in whole or in part by the doctrines of estoppel, equitable estoppel or waiver.

Tricon's claims are barred in whole or in part because of the failure of one or more condition precedents to the formation of a contract.

Tricon's claims are barred in whole or in part because Tricon did not intend to be bound by the broker's correspondence.

Tricon's claims are barred in whole or in part because signatures were required on Tricon's proposed sales contract and neither party signed it.

Tricon's claims are barred in whole or in part because Tricon's proposed sales contract lacks mutual agreement.

Tricon's claims are barred in whole or in part because Tricon repudiated the alleged contract by insisting on new, different or additional terms.

Tricon's claims are barred in whole or in part because Tricon expressly repudiated the alleged contract by canceling it.

Tricon's claims are barred in whole or in part because Tricon materially breached the alleged contract and, as the breaching party, Tricon is not entitled to enforce the alleged contract it breached.

Tricon's claims are barred in whole or in part because the alleged contract Tricon sues upon was for the purchase and sale of U.S. origin mixed xylenes, a term which Tricon later rejected and repudiated.

Tricon was not damaged by Vinmar's alleged breach of contract.

Tricon's damages, if any, are limited to any damages it can establish under Article 2.708(b) of the Texas Business and Commerce Code.

Tricon is not entitled to recover damages under Article 2.706 of the Texas Business and Commerce Code because Tricon did not own or otherwise acquire the mixed xylenes to sell to Vinmar.

Tricon is not entitled to recover damages under Article 2.706 of the Texas Business and Commerce Code because Tricon failed to provide reasonable notification of its intent to resell.

Tricon is not entitled to recover damages under Article 2.706 of the Texas Business and Commerce Code because Tricon did not act in a good faith and in a commercially reasonable manner.

Tricon is not entitled to recover damages under Article 2.708(a) of the Texas Business and Commerce Code because Tricon did not own or otherwise acquire the mixed xylenes to sell to Vinmar.

In computing its claimed damages, Tricon has failed to properly account for expenses it saved as a consequence of Vinmar's alleged breach.

There is no written agreement or other authority authorizing Tricon's claim for the recovery of attorneys' fees.

There is no written agreement or other authority authorizing Tricon's claim for interest.

WHEREFORE, Respondent respectfully requests that the Panel dismiss this proceeding for lack of jurisdiction and order Tricon to pay all costs of this proceeding (including the arbitrators' fees). Alternatively, and without waiver of its objection to jurisdiction, Vinmar requests that the Panel dismiss Tricon's claims in their entirety,

assess all costs against Tricon and grant Vinmar such other and further relief to which it may be entitled.

Respectfully submitted,

PORTER & HEDGES, L.L.P.

By: _____
Stephen H. Lee
R. Blake Runions
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 228-1331

ATTORNEYS FOR RESPONDENT
VINMAR INTERNATIONAL, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent to the following via electronic mail and U.S. First Class Mail on this the 2nd day of August, 2010:

George Diaz-Arrastia
Tracy D. Larson
Schirrmeister Diaz-Arrastia Brem LLP
Pennzoil Place - North Tower
700 Milam, 10th Floor
Houston, Texas 77002

_____
Stephen H. Lee