# APPENDIX TAB R

July 29, 2008 E-mail with Pascu Comments

**From:** Laurentiu Pascu [LPascu@vinmar.com]
**Sent:** Thursday, July 31, 2008 1:39 PM
**To:** Rick Wilson
**Subject:** FW: PO4529980 - 5000Mts of MX
**Attachments:** Document.tif

Best regards,
Laurentiu Pascu

Vinmar International Ltd.
Phone: 281-618-1441
Fax: 281-618-1390
Mob: 713-298-8750

Disclaimer: This E-Mail is the property of Vinmar International and/or its relevant affiliates ("Vinmar"). The information contained in this E-Mail is solely for the intended recipient(s). Access to, disclosure or use of this E-Mail by anyone else is unauthorized. Any opinions expressed in this message are those of the individual sender and not of Vinmar, and are not binding upon Vinmar unless specifically authorized by Vinmar. E-Mail communications are not secure and may suffer errors, viruses, interception and amendment. Anyone communicating with Vinmar by E-Mail accepts the risks involved and their consequences. For assistance, please contact our Mail Administration Department on +1 (281) 618-1365 or e-mail: postmaster@vinmar.com

**From:** Laurentiu Pascu
**Sent:** Tuesday, July 29, 2008 4:08 PM
**To:** 'vuk@triconenergy.com'
**Subject:** PO4529980 - 5000Mts of MX

Dear Vuk,

Please find enclose our comments on your Sale Confirmation. We shall revert soon with our Purchase Order for your review.

Please advise:
- Advising Bank where the LC should be open (Kindly look to the option and see if possible to have this sale done on Net 30 Days so that unnecessary banking costs could be avoid)
- advise when shipment is expected - be informed that no shipment can take place without us being informed (for Insurance Purpose) and without presence of an Independent Surveyor (out of SGS or ITS) - in this order please let us have:
  - vessel details -
  - port of loading -

Your prompt feedback on the above shall be much appreciated, thank you

Best regards,
Laurentiu Pascu

Vinmar International Ltd.
Phone: 281-618-1441
Fax: 281-618-1390
Mob: 713-298-8750

VIN000003

Disclaimer: This E-Mail is the property of Vinmar International and/or its relevant affiliates ("Vinmar"). The information contained in this E-Mail is solely for the intended recipient(s). Access to, disclosure or use of this E-Mail by anyone else is unauthorized. Any opinions expressed in this message are those of the individual sender and not of Vinmar, and are not binding upon Vinmar unless specifically authorized by Vinmar. E-Mail communications are not secure and may suffer errors, viruses, interception and amendment. Anyone communicating with Vinmar by E-Mail accepts the risks involved and their consequences. For assistance, please contact our Mail Administration Department on +1 (281) 618-1365 or e-mail: postmaster@vinmar.com

VIN000004

Jul 23 2008 10:53AM  Tricon Energy          7139639030          p.1



4529980

Tricon Energy, Ltd.
777 Post Oak Blvd., Suite 650
Houston, Texas 77056 U.S.A.
Tel (713) 963-0066
Fax (713) 985-6190

Date: July 22, 2008

Vinmar International, LTD
Attn: Rick Wilson                    Broker: MOAB
16800 Imperial Valley Drive, Suite 499
Houston, TX 77060

Phone:
Fax:

Tricon Sales Number: SA1230-0708HOU

We hereby confirm this agreement between Brad Lockwood of Tricon Energy, Ltd. (Seller) and Rick Wilson of Vinmar International, LTD (Buyer) on July 22, 2008.

The following sets forth the entire agreement of the parties.

| | |
|---|---|
| Product: | Mixed Xylenes |
| Quantity: | 5,000 Metric Tons +/- 5 % (Vessel's Option) |
| Quality: | ASTM D-5211 with BI max 20 |
| Price: | USD $1310.00 / Metric Tons |
| Incoterm: | CFR Ulsan/Taiwan |
| Ship Period: | September 1, 2008 - September 15, 2008 |
| Shipped Via: | Tbn |
| Payment: | At sight |
| Credit Terms: | Subject to Seller's credit requirements: Irrevocable and confirmed documentary L/C |
| | If a letter of credit is required, it must be received at least 5 working days prior to shipment. |
| | Credit:  Jennifer Morin |
| | Phone:  713-963-0066 |
| | Fax:    713-985-6198 |
| Scheduling/ Invoicing: | Mutually acceptable, licensed independent inspector at Load |
| | Cost:     100 % Seller at Load |
| | Quantity: Static shore tank down gauge at Load |
| | Quality:  Static shore tank analysis at Load |
| | Scheduling: Vuk Rajevac |
| | Phone: 713-963-0066 |
| | Fax:   713-985-6192 |

ARRIVAL AT DESTINATION (handwritten next to Ship Period/Shipped Via)

Page 1 of 4

(handwritten:)
$56
LSD 09/15
EX 09/30   $1.02/MT
$5095.56 -

VIN000005

1) Vessel/Barge Acceptance-Vessel and barge nominations to be agreed upon mutually between buyer and seller.

2) Demurrage- Buyer shall be obligated to pay for any and all demurrage liability under this contract as long as seller presents claim and supporting documents. *TIME BAR IS 60 DAYS*

3) Law and Jurisdiction: This contract and the rights and duties of the parties arising out of this contract shall be governed by and construed, enforced, and performed in accordance with the laws of the state of Texas, including, without limitation, the Uniform Commercial Code as in effect in the state of Texas, as the same may be amended from time to time, without regard to principles of conflicts of Law. The parties agree that this agreement shall be accepted and formed in the state of Texas according to the procedures herein set forth.

4) Additional Collateral Requirement  If, at any time and from time to time during the term of the Agreement, there occurs a Material Adverse Change in the financial condition with respect to the buyer in this agreement, the Seller may request the buyer to establish a Letter of Credit or prepay for the dollar amount of transaction.

5) Incoterms- Any situations not specifically addressed by this confirmation will be governed by Incoterms 2000 or latest published Incoterms (to the extent applicable) as in effect at the time of this agreement is entered into. Texas law to control in the event of conflict.

6) Force Majeure - A) Neither party shall be liable in damages or otherwise for any failure or delay in performance of any obligation hereunder other than obligation to make payment, where such failure or delay is caused by force majeure, being any event, occurrence or circumstance reasonably beyond the control of the party, including without limitation, failure or delay caused by or resulting from acts of God, strikes, fires, floods, wars (whether declared or undeclared), riots, destruction, of the product, delays of carriers due to breakdown or adverse weather, perils of the seas, embargos, accidents voluntary or mandatory restrictions imposed by any governmental authority (including allocations, priorities, requisitions, quotas, and price controls).

B) If Force Majeure affects seller, seller may at its option, exercised by notice to buyer given within a reasonable time, either (I) cancel from this contract the quantities which have not been shipped due to Force Majeure, without affecting the balance of this contract; or (II) ship such quantities in none one or more lots, after seller deems the effect of force majeure to have ended, on the same terms as set forth in this contract.

7) Transfer of Title and Risk-  Transfer of title of the Product will pass from Seller to Buyer upon payment in full of the Total Price and Interest, if any. *AS PER INCOTERM 2000*

Transfer of Risk of damage to or loss of product shall pass from Seller to buyer as follows-

A) CFR and CIF Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the loading hose and the vessel's permanent hose connection at the loading terminal, or at the time of book, stock or inventory transfer.
B) Delivered Sales- Risk of damage to or loss of product shall pass from seller to buyer at the flange connection between the discharging hose and the vessel's permanent hose connection at the discharging terminal, or at the time of book, stock or inventory transfer.

8) Taxes- Any Taxes now or hereafter imposed directly or indirectly by law upon products sold and delivered (including storage and /or transportation) to the Buyer under this Contract which Seller is required to pay or collect may be added to the product price and passed on via explicit surcharge to Buyer.

If Buyer has furnished Seller with a valid resale or other exemption certificate or proof of export acceptable to Seller for sales or use tax purposes or other written proof which, in accordance with law, will lead to and exemption with regard to taxes, then such taxes shall not be imposed on the sale of product hereunder. Buyer will however remain liable towards Seller for any taxes due in relation to

Contract Number: SA1230-0708HOU

VIN000006

non-applicability or insufficient proof with regard to the applicability of any exemption.

The term "taxes" as mentioned in this Paragraph means any tax ( including without limitation any value added tax, sales tax, use tax, excise tax, storage or property tax, superfund excise tax or spill tax), excise duty, customs duty, fees, duties or other charges, or any increase therein, as well as any interest or penalty related thereto.
The term "taxes" will not include any taxes due on profits such as corporate income taxes.

If Buyer is currently registered on Federal IRS Form 637, Buyer shall furnish seller with an unexpired notification certificate meeting the current regulatory requirements. Buyer warrants that its registration has not been revoked or suspended. Buyer shall pay seller any applicable Federal excise taxes if such notification certificate is not supplied to seller prior to delivery. If Buyer is entitled to Purchase product free of any other tax, fees, duties or charges, Buyer shall furnish seller with the proper exemption certificate to cover such purchases prior to delivery. Provided, however, that buyer shall pay to seller the federal excise tax if title to the product sold hereunder is transferred to buyer by means of a book, stock, or any other in-tank transfer or facility pump over from seller's storage account or inventory. The Foregoing proviso does not apply if 1) Buyer provides proof from a common contract carrier that the product was removed from seller's storage account or inventory via pipeline or vessel by a gasoline registrant; or, 2) if the terminal operator notifies the seller that the party receiving the product qualifies as a " position holder" as defined in Treas. Reg. Section 48.4081-1(m), with respect to the product sold hereunder and such receiving party is a gasoline registrant. Late payments shall incur interest and penalties equal to the then applicable state or IRS, as the case may be, interest and penalties for late payments.

9) Arbitration- Any and all differences and disputes of whatsoever nature arising out of this Agreement shall be put to arbitration in Houston, Texas, in English pursuant to the laws relating to arbitration there in force, and, to the extent not inconsistent with this Agreement, the Commercial Arbitration Rules of the American Arbitration Association, or under the rules of such other arbitration association as the parties may mutually agree, before a board of three persons, consisting of one arbitrator to be appointed by Seller, one by Buyer and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Agreement for hearing and determination. The arbitrators may grant any relief which they, or a majority of them, deem just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance, provided that the arbitrators shall have no authority to award punitive damages. Awards made in pursuance to this Clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction. This paragraph shall survive any termination of this agreement.

10) Product Use- Buyer represents and warrants that the product purchased hereunder shall be used for other than gasoline blending purposes in the U.S. Buyer shall notify seller, as soon as possible, of any change in planned or actual consumption or in use of the product purchased hereunder whether such change is by virtue of buyer's action or those of third parties to whom buyer has sold the product.

11) Price and Payment- The Total Price and all other amounts payable by Buyer to Seller under this contract shall be payable without any discount, deduction, set-off, lien, claim or counter claim. If the Total Price or any other amounts due by Buyer to Seller under this Contract are not paid when due, the Interest shall accrue and shall be paid on all amounts outstanding until payment in full is received by the Seller in its designated bank.   Seller reserves the right to charge the maximum allowable interest as per U.S. law for all late payments.

12) Interest- In the event the Buyer fails to make payment on the due date as expressed on Tricon's invoice, the Buyer is subject to an additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice.

Broker- This cancels and supercedes any broker correspondence in relation to this transaction which shall be for the sole purpose of documenting commission, if any.

Notes:   Buyer to declare OSB Ulsan or Taiwan by August 8, 2008.

Date: July 22, 2008                              Accepted Date: _____

By: _____                    By: _____
    Printed Name: Brad Lockwood                      Printed Name: Rick Wilson
    Title:                                           Title:

Please advise your agreement by signing the foregoing and return via fax (713-963-9030) within 24 hours. In the event we do not receive your reply as requested, then this contract shall be the governing instrument.

We thank you for the opportunity of concluding this transaction.