Laurentiu Paul Pascu  May 27, 2010
Houston, TX

Page 1

1  AMERICAN ARBITRATION ASSOCIATION

2  DALLAS, TEXAS

3  TRICON ENERGY, LTD.,                *

4        CLAIMANT,          *  CASE NO.

5  VS.                                 *  70 198Y 00168 09

6  VINMAR INTERNATIONAL, LTD.,         *

7        RESPONDENT.        *

8  ***********************************************************

9  ORAL AND VIDEOTAPED DEPOSITION OF

10  LAURENTIU PAUL PASCU

11  MAY 27TH, 2010

12  ***********************************************************

13  ORAL AND VIDEOTAPED DEPOSITION OF LAURENTIU PAUL

14  PASCU, produced as a witness at the instance of the

15  Claimant, and duly sworn, was taken in the above-

16  styled and numbered cause on the 27th day of May,

17  2010, from 9:10 a.m. to 11:07 a.m., before Bobbie

18  Showers, CSR, in and for the State of Texas, reported

19  by machine shorthand, at the offices of Porter &

20  Hedges, LLP, 1000 Main Street, 36th Floor, Houston,

21  Texas, pursuant to the Rules of Conciliation and

22  Arbitration of the American Arbitration Association

23  and the provisions stated on the record or attached

24  hereto.

25



Alderson Reporting Company
1-800-FOR-DEPO

Laurentiu Paul Pascu　　　　　　　　　　　　　　　　May 27, 2010
Houston, TX

Page 6

1　　　　　　THE VIDEOGRAPHER:  Today is May 27th, 2010.
2　This is the deposition of Laurentiu Pascu, in the
3　matter of Tricon Energy versus Vinmar International.
4　We are on record at 9:10.
5　　　　　　Will counsel please state their
6　appearances.
7　　　　　　MR. DIAZ-ARRASTIA:  George Diaz-Arrastia for
8　Tricon.
9　　　　　　MR. LEE:  Stephen Lee for Vinmar.
10　　　　　　And, for the record, Vinmar is
11　presenting this witness subject to and without waiver
12　of its continuing objection to arbitration.
13　　　　　　LAURENTIU PAUL PASCU,
14　was called as a witness and, being first duly sworn,
15　testified as follows:
16　　　　　　　　　　EXAMINATION
17　　　　　BY MR. DIAZ-ARRASTIA:
18　　Q.　Sir, could you state your full name for the
19　record, please.
20　　A.　Laurentiu Paul Pascu.
21　　Q.　Mr. Pascu, have you ever given a deposition
22　before today?
23　　A.　No.
24　　Q.　Let me just go over a couple of ground rules
25　to help today's process go a little better.  As you

Page 39

1      Q.    Okay.  And he tells Mr. Anaya:
2            "Re:  Origin, We won't know until we
3      declare discharge port."
4      A.    Okay.
5      Q.    "Most likely USG."
6      A.    Okay.
7      Q.    Do you remember getting that?
8      A.    I should have got this email.
9            (Exhibit Nos. 32 and 33 marked for
10     identification)
11           BY MR. DIAZ-ARRASTIA:
12     Q.    Okay.  Mr. Pascu, if you would look now at
13     the documents that have been marked 32 and 33, can
14     you tell me what those are?
15     A.    This is the data shown by our system, SAP.
16     Q.    Okay.  What is the difference between Exhibit
17     No. 32 and Exhibit No. 33, if there is any?
18     A.    I don't know.  Do you want me to --
19     Q.    Can you see any difference?  I could not see
20     any difference, but it's not my system.
21     A.    I mean, at the first view, I cannot see any
22     difference.
23           MR. LEE:  George, let me, just to maybe help
24     speed this along a little bit, I'll tell you what this
25     is.  The first page, y'all had asked about the columns

Laurentiu Paul Pascu
Houston, TX
May 27, 2010

Page 66

1         BY MR. DIAZ-ARRASTIA:
2    Q.   Okay, Mr. Pascu, let's take a look now at
3  Exhibit 36.
4    A.   Okay.
5    Q.   It appears to be an email from you to Rick
6  Wilson.  Is that correct, sir?
7    A.   It appears to be, yes.
8    Q.   And it's dated July 29th, 2008, at
9  11:54 a.m.?
10   A.   Okay.
11   Q.   And the subject is PO 4529980, 5,000 metric
12 tons of MX.  Correct?
13   A.   Correct.
14   Q.   That is, by the way, the same subject line as
15 you used in Exhibit 34, the email to Vuk Rajevac.
16 Correct?
17   A.   You are asking me whether the same subject --
18   Q.   Same subject line.
19   A.   -- line as -- okay, yes.
20   Q.   Okay.  And you tell Mr. Wilson:
21            "Please find my comments on this sale
22       contract."
23 Correct?
24   A.   Correct.  It's written this way, yes.
25   Q.   Yes.  It appears to me that what you are

Page 67

1  sending Mr. Wilson with your email on July 29th, 2008,
2  at 11:54 is what you also sent Mr. Rajevac later in
3  that day.  Is that correct?  Your comments on this
4  sales contract?
5      A.    It appears to be, yes.
6      Q.    Okay.  So just before noon on July 29th, you
7  had shown Mr. Wilson the comments that you later gave
8  to Vuk Rajevac at 4:00 in the afternoon the same day?
9      A.    It appears to be, yes.
10     Q.    Okay  Did Mr. Wilson approve those comments
11 before you sent them to Mr. Rajevac?
12     A.    I don't remember.
13     Q.    Would you have sent them to Mr. Rajevac, if
14 Mr. Wilson had not approved them?
15     A.    The comments that I've done on that paper are
16 logistics terms.  I don't remember whether I have
17 discussed with Rick or not, but given that I have sent
18 this, it means that I found that these terms, logistic
19 terms, should be in line as for giving the feedback
20 to.
21     Q.    Well, you told me earlier that it is the
22 trader's responsibility ultimately to approve what
23 goes out.  Is that correct?
24     A.    I told you that the trader is supposed to
25 agree on all the commercial terms for the area, that

Laurentiu Paul Pascu  
Houston, TX  
May 27, 2010

Page 83

```
 1              AMERICAN ARBITRATION ASSOCIATION
 2                     DALLAS, TEXAS
 3     TRICON ENERGY, LTD.,           *
 4              CLAIMANT,             *
 5     VS.                            *  CASE NO.
 6                                    *  70 198Y 00168 09
 7     VINMAR INTERNATIONAL, LTD.,    *
 8              RESPONDENT.           *
 9     **************************************************
10         REPORTER'S CERTIFICATION TO THE DEPOSITION OF
11                  LAURENTIU PAUL PASCU
12                    MAY 27TH, 2010
13     **************************************************
14     I, Bobbie Showers, Certified Shorthand Reporter in and
15     for the State of Texas, hereby certify to the
16     following:
17          That the witness, LAURENTIU PAUL PASCU, was duly
18     sworn by the officer and that the transcript of the
19     oral deposition is a true record of the testimony
20     given by the witness;
21          That the original deposition transcript was
22     delivered to ___Porter & Hedges_____;
23          That a copy of this certificate was served on all
24     parties and/or the witness shown herein on _____
25     __June 11, 2010_____.
```

Alderson Reporting Company  
1-800-FOR-DEPO

Laurentiu Paul Pascu  May 27, 2010
Houston, TX

Page 84

1    I further certify that pursuant to the Rules of
2    the American Arbitration Association that the
3    signature of the deponent:
4        X   was requested by the deponent or a party
5    before the completion of the deposition and that
6    signature is to be before any notary public and
7    returned within 30 days of receipt of the transcript.
8    If returned, the attached Changes and Signature Page
9    contains any changes and the reasons therefor;
10           was not requested by the deponent or a party
11   before the completion of the deposition.
12       I further certify that I am neither counsel for,
13   related to, nor employed by any of the parties or
14   attorneys in the action in which this proceeding was
15   taken, and further that I am not financially or
16   otherwise interested in the outcome of the action.
         Certified to by me this 3rd day of June, 2010.
17
18
19   _____
20       BOBBIE SHOWERS, CSR 5404
21       ALDERSON REPORTING COMPANY, INC.
         1155 CONNECTICUT AVENUE, NW, SUITE 200
22       WASHINGTON, DC 20036
23       Telephone: 1.800.FOR.DEPO
24       Fax: 202.289.2221
25       Email:  Bobbieshowers@att.net

Laurentiu Paul Pascu

Houston, TX

May 27, 2010

Page 85

1   COUNTY OF HARRIS  )

2   STATE OF TEXAS  )

3       I hereby certify that the witness was notified on

4   June 11th, 2010 that the witness has 30 days or (days per

5   agreement of counsel) after being notified by the

6   officer that the transcript is available for review by

7   the witness and if there are any changes in the form

8   or substance to be made, then the witness shall sign a

9   statement reciting such changes and the reasons given

10  by the witness for making them;

11      That the witness' signature was/was not returned

12  as of _____.

13      Subscribed and sworn to on this, the 11th

14  day of June, 2010.

15

16  _____

17      BOBBIE SHOWERS, CSR 5404

18      ALDERSON REPORTING COMPANY, INC.

19      1155 CONNECTICUT AVENUE, NW, SUITE 200

20      WASHINGTON, DC 20036

21      Telephone: 1.800.FOR.DEPO

22      Fax: 202.289.2221

23      Email: Bobbieshowers@att.net

24

25