IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON ENERGY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-cv-05260 |
| | § | |
| VINMAR INTERNATIONAL, LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Tricon Energy, Ltd. filed a petition under 9 U.S.C. § 207 to confirm an arbitration award against Vinmar International, Ltd. (Docket Entry No. 1). The award arose from an alleged breach of a contract for Vinmar to purchase 5000 metric tons of mixed xylene ("MX") from Tricon for delivery in Asia. A three-judge arbitration panel empaneled by the American Arbitration Association concluded that Vinmar had contracted to purchase the chemical from Tricon and had breached its contractual obligations by failing to declare a discharge port. The panel found Vinmar liable for breach of contract and awarded $1,338,776.72 in damages, plus prejudgment interest, costs, and fees.

In response to the petition to confirm the award, Vinmar filed a motion to vacate the award. (Docket Entry No. 16). Vinmar also filed an application in Texas state court to vacate the award. Tricon removed that petition to this court and the actions have been consolidated. Vinmar's motion to vacate argued that this court lacked subject matter jurisdiction over Tricon's petition and that the AAA arbitration panel lacked jurisdiction to resolve the parties' dispute because there was no agreement to arbitrate between the parties.

On September 21, 2011, this court denied Vinmar's motion to vacate. In the memorandum and order, this court held that it had subject matter jurisdiction over Tricon's petition under 9 U.S.C. § 203 and that the parties agreed to arbitrate their dispute when, through a series of emails and consistent with industry custom and practice, they agreed to modify their original contract for the purchase of MX to include additional terms, including an arbitration clause. In response to an order to state whether any of the grounds for refusing to enforce an arbitral award under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") applied, Vinmar filed a notice in which it identified seven grounds for vacating the arbitration award and proposed a briefing schedule for addressing them. (Docket Entry No. 48). These grounds are based on the Convention, the Federal Arbitration Act, and Texas law. Tricon responded, arguing that five of Vinmar's grounds for vacatur rehash an argument this court has already rejected—that the parties never agreed to arbitrate their dispute—and that no briefing is necessary to resolve the remaining two grounds. (Docket Entry No. 49).

The court agrees with Tricon that no further briefing is necessary to resolve the grounds Vinmar identified for vacating the arbitration award. Five of the seven grounds are based on Vinmar's contention that the parties never agreed to arbitrate their dispute. (*See* Docket Entry No. 48, ¶ 3(a), (b), (c), (d), & (f)). This court has analyzed and rejected the argument that there was no agreement to arbitrate in the September 21, 2011 memorandum and order. Vinmar's request to vacate the arbitration award based on the nonexistence of an agreement to arbitrate is denied.

Vinmar also contends that the arbitration award "should be vacated under Texas law because the arbitrators exceeded their powers in purporting to decide whether a contract was formed and whether there was an agreement to arbitrate." (*Id.*, ¶ 3(e)). According to Vinmar, "[c]ourts have

2

exclusive jurisdiction and authority over issues of contract formation and the existence of an agreement to arbitrate." (*Id.*). Before the arbitration panel, Vinmar filed a motion to dismiss for lack of jurisdiction. In its motion, Vinmar argued—as it does here—that "whether Tricon's claim is subject to arbitration is an issue only the courts have power to decide." (Docket Entry No. 17-4, at 2–3). Vinmar was the party that asked the arbitration panel to decide the issue. The arbitration panel held a hearing on Vinmar's motion and ruled that the parties had entered into an agreement to arbitrate. Even if the arbitration panel otherwise lacked authority to decide this issue, under Texas law, the panel had the power to decide any issues the parties had agreed to arbitrate. *See Pheng Invs., Inc. v. Rodriquez*, 196 S.W.3d 322, 329 (Tex. App.—Forth Worth 2006, no pet.) ("The supreme court has stated that the 'authority of arbitrators is derived from the arbitration agreement and is limited to a decision of the matters submitted therein either expressly or by necessary implication.' Arbitrators therefore exceed their powers when they decide matters not properly before them." (citation omitted)). Because this court has independently determined that the parties agreed to arbitrate their dispute, the arbitration panel had the authority to determine whether Vinmar breached its obligations to Tricon under the contract for the purchase of MX. The parties did not dispute this court's authority to determine the arbitrability issue once Tricon moved to confirm the award. Vinmar's request that the award be vacated because the arbitration panel exceeded its power is denied.

Lastly, Vinmar argues that the arbitration award "violates sections 10(a)(3) & (4) of the Federal Arbitration Act because the arbitrators based their decision on legal principles that were never alleged by Tricon in any live pleading." (Docket Entry No. 48, at ¶ 3(g)). Vinmar contends that "the sole support of the arbitrators' claim of jurisdiction is based on a theory of contract

3

modification, which Tricon never alleged in its Statement of Claims or its Amended Statement of Claims. In addition, the arbitrators' award of damages was erroneous and based entirely on a theory of recovery that was never pleaded or alleged by Tricon." (*Id.*). Tricon's pleadings before the arbitration panel reveal that Tricon argued that the broker's confirmation was a legally binding contract that was later supplemented with additional terms. (*See* Docket Entry No. 5-10, at 3–8; Docket Entry No. 5-11, at 8–15). Tricon specifically argued contract modification under § 2.209 of the Texas Uniform Commercial Code in response to Vinmar's motion to dismiss for lack of jurisdiction. (*See* Docket Entry No. 5-12, at 1–2, 7–9). Vinmar's request to vacate the award based on its argument that it did not have notice of Tricon's arguments is denied.

This court concludes that no further briefing is necessary to address Vinmar's seven grounds for vacating the arbitral award and denies Vinmar's request to vacate the award based on those grounds. By **October 21, 2011**, the parties must submit a proposed order confirming the award and entering final judgment in this case.

SIGNED on October 12, 2011, at Houston, Texas.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　　　United States District Judge