IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON ENERGY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-05260 |
| | § | |
| VINMAR INTERNATIONAL, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

Tricon Energy, Ltd. filed a petition under 9 U.S.C. § 207 to confirm an arbitration award against Vinmar International, Ltd. (Docket Entry No. 1.)  The award arose from an alleged breach of a contract for Vinmar to purchase 5000 metric tons of mixed xylene ("MX") from Tricon for delivery in Asia.  A three-judge arbitration panel empaneled by the American Arbitration Association ("AAA") concluded that Vinmar had contracted to purchase the chemical from Tricon and had breached its contractual obligations by failing to declare a discharge port.  The panel found Vinmar liable for breach of contract and awarded $1,338,776.72 in damages, plus prejudgment interest, post-award interest, costs, and fees.

In response to the petition to confirm the award filed in this court, Vinmar moved to vacate. (Docket Entry No. 16.)  Vinmar also filed an application in Texas state court to vacate the award. Tricon removed the state-court application to this court and the actions have been consolidated. Vinmar's motion to vacate argued that this court lacked subject-matter jurisdiction over Tricon's

petition and that the AAA arbitration panel lacked jurisdiction to resolve the dispute because there was no agreement to arbitrate between the parties.

On September 21, 2011, this court denied Vinmar's motion to vacate.  (Docket Entry No. 47.)  In the memorandum and order, this court held that it had subject-matter jurisdiction over Tricon's petition under 9 U.S.C. § 203 and that the parties agreed to arbitrate their dispute when, through a series of emails and consistent with industry custom and practice, they agreed to modify their original contract for the purchase of MX to include additional terms, including an arbitration clause.  In response to an order to state whether any of the grounds for refusing to enforce an arbitral award under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") applied, Vinmar filed a notice in which it identified seven grounds for vacating the arbitration award and proposed a briefing schedule for addressing them.  (Docket Entry No. 48.)  Those grounds were based on the Convention, the Federal Arbitration Act, and Texas law.  Tricon responded, arguing that five of Vinmar's grounds for vacatur rehashed an argument this court had already rejected—that the parties never agreed to arbitrate their dispute—and that no briefing was necessary to resolve the remaining two grounds.  (Docket Entry No. 49.)

On October 12, 2011, the court agreed with Tricon that no further briefing was necessary to address Vinmar's grounds for vacating the arbitral award, denied Vinmar's request to vacate the award based on those grounds, and ordered the parties to submit a proposed order confirming the award and entering final judgment.  (Docket Entry No. 50.)  Tricon filed a proposed final judgment order, (Docket Entry No. 52), and a brief in support, (Docket Entry No. 51).  The proposed final judgment awarded Tricon postjudgment interest at the rate of 8.5%.  The brief in support argued that

an interest rate provision that became part of the parties' contract when it was modified set the postjudgment interest rate at 8.5%. The contractual interest-rate provision stated that "[i]n the event [Vinmar] fails to make payment on the due date as expressed on Tricon's invoice, [Vinmar] is subject to additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice." (Docket Entry No. 17-11, at 6.) Vinmar objected to Tricon's proposed final judgment, arguing that postjudgment interest should be awarded under 28 U.S.C. § 1961(a) at the federal statutory rate. (Docket Entry No. 53.) Vinmar based its objection on the contention that the contractual interest-rate provision did not clearly and unambiguously establish that a judgment would bear 8.5% interest, as required by federal law to displace the federal statutory rate.[1] Tricon responded to Vinmar's objection, (Docket Entry No. 54), and Vinmar replied, (Docket Entry No. 55).

Based on the record, the parties' submissions, and the relevant law, this court concludes that 28 U.S.C. § 1961(a) governs the award of postjudgment interest in this case and awards postjudgment interest at the federal statutory rate. The reasons for this ruling are explained below.

**II.   Analysis**

Federal law governs the award of postjudgment interest in federal cases, including diversity cases otherwise governed by state law. *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161,

---

[1]   Vinmar also argues that the parties did not agree to a contractual interest rate because there was no interest-rate provision in the broker's July 23, 2008 memorandum confirming the sale of MX and summarizing the terms of the transaction. (Docket Entry No. 53, at 4.) This argument was implicitly rejected by this court's September 21, 2011 Memorandum and Order. (*See* Docket Entry No. 47, at 16 ("The parties' written communications make it clear that the sales contract was an offer by Tricon to modify the existing agreement by adding some terms, including the arbitration clause; that Vinmar accepted those terms to which no comment was made; and that Tricon accepted Vinmar's comments with one exception that did not affect the modification to add the arbitration clause.").)

3

173 (5th Cir. 2010); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 435 (5th Cir. 2003). The federal postjudgment interest statute states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." *Id.* Courts, including in the Fifth Circuit, have rejected the contention that § 1961(a) "requires the district court to set interest at the rate specified in the statute in *every* case without exception." *Hymel v. UNC, Inc.*, 994 F.2d 260, 266 (5th Cir. 1993). "[W]hile 28 U.S.C. § 1961 provides a standard rate of post-judgment interest, the parties are free to stipulate a different rate, consistent with state usury and other applicable laws." *Id.* (quoting *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1017 (5th Cir. 1987)).[2] "But to do so, they must specifically contract around the general rule that a cause of action reduced to judgment merges into the judgment and the contractual interest rate therefore disappears for post-judgment purposes." *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009); *cf. Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) ("When the plaintiff obtains a judgment in his favor, his claim 'merges' in the judgment; he may seek no further relief on that claim in a separate action."). As the Second Circuit explained, "to override the general rule on merger and specify a post-judgment interest rate," the parties must express their intent to set the contractual

---

[2] *See also Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004) ("We agree that parties may by contract set a post-judgment rate at which interest shall be payable."); *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005) ("[P]arties may contract to, and agree upon, a post-judgment interest at a rate other than that specified in § 1961."); *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1020 (7th Cir. 2001) ( "It is well established that parties can agree to an interest rate other than the standard one contained in 28 U.S.C. § 1961.").

rather than the § 1961 rate as the postjudgment interest rate "through clear, unambiguous and unequivocal language." *Westinghouse*, 371 F.3d at 102 (internal quotation marks omitted).

In this case, the parties' contract does not contain the type of "clear, unambiguous and unequivocal language" courts require to show the parties' intent to specify a contractual postjudgment interest rate different than the § 1961 rate. The interest rate provision states that "[i]n the event [Vinmar] fails to make payment on the due date as expressed on Tricon's invoice, [Vinmar] is subject to additional interest expense calculated at 8.5% per annum, beginning on the due date listed on the invoice." Courts have held that contractual provisions specifying general interest rates for past-due debts are insufficient to displace the statutory postjudgment interest rate. *See, e.g., In re Riebesell*, 586 F.3d at 794–95 (holding that a provision in a promissory note providing that amounts due "shall accrue interest until payment at the rate of twenty-four percent (24%) per annum or the highest rate permitted by law, whichever is less," did not constitute an agreement on postjudgment interest); *Westinghouse*, 371 F.3d at 102 (holding that a contractual provision stating that 15.5% interest would be added to any arbitration award "from the date payment was due to the date payment is made" was not an agreement that a judgment rendered on that award would bear 15.5% interest); *Qatar Nat'l Bank v. Winmar, Inc.*, --- F. Supp. 2d ----, 2011 WL 4469816, at *4 (D.D.C. Sept. 28, 2011) (holding that a contractual provision stating that "payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate of 12%" "clearly fail[ed] to expressly state that the 12% interest rate applies to judgments or judgment debts" (alterations omitted)); *Jack Henry & Assocs., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 670 (E.D. Ky. 2010) ("Simply specifying a general interest rate for debts under a contract does not constitute an agreement on postjudgment interest."); *Comerica Bank v. Stewart*, No.

09-cv-13421, 2009 WL 4646894, at *4 (E.D. Mich. Dec. 8, 2009) ("[A] default rate of interest, without more, does not amount to a post-judgment rate of interest."). Contrary to Tricon's argument, the parties did not contract for an 8.5% postjudgment interest rate.[3]

Tricon does not cite cases that have awarded postjudgment interest at the contractual rate based on similar interest-rate contract provisions. Instead, Tricon argues that the issue of whether the parties' contract set a postjudgment interest rate was submitted to the arbitrators and that the arbitrators decided that the parties contracted for postjudgment interest at the rate of 8.5%. (Docket Entry No. 54, at 2.) But it is unclear from the award that the arbitration panel awarded Tricon *postjudgment interest* at the rate of 8.5%. The arbitrators awarded Tricon "*[p]ost-award* interest at [8.5%] from the date of th[e] Award until paid." (Docket Entry No. 1-1, at 19 (emphasis added).) In any event, courts have held that 28 U.S.C. § 1961 governs a district court judgment confirming an arbitral award even when the arbitrators awarded postjudgment interest at a different rate. *See Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) ("[O]nce an arbitration award is confirmed in federal court, the rate specified in § 1961 applies. This is the case even if the arbitration award purported to grant post-judgment interest." (citations omitted)); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 268–70 (2d Cir. 1989) (holding that the postjudgment interest rate set in § 1961 must be applied to a judgment confirming an arbitral award even though the arbitrators awarded postjudgment interest at a different rate); *Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.*, 744 F.2d 1482, 1484

---

[3] This holding is consistent with *Hymel*. In *Hymel*, the Fifth Circuit held in dicta that the parties contracted for postjudgment interest at a rate different than the § 1961 rate where their contract stated that "[a]ll past due interest and/or principal shall bear interest from maturity until paid, *both before and after judgment*, at the rate of 9% per annum." 994 F.2d at 265–66 (emphasis in original). In this case, the parties' contract did not specifically state that the parties were agreeing to a postjudgment interest rate.

(11th Cir. 1984) (per curiam) ("Although a district court enforcing an arbitration award does not engage in a de novo review of the award and it may reverse or modify the award only on specified grounds, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates." (internal citations omitted)); *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 739 (N.D. Tex. 1997) ("It was not within the Tribunal's power . . . to specify the rate of post-judgment interest. The district court's judgment confirming an arbitration award is to have the same effect, in every respect, as is any other judgment entered by the court, and post-judgment interest is thus governed by statutory rates."); *cf. In re Arbitration Between: Trans Chem. Ltd. & China Nat'l Mach. Import & Export Corp.*, 978 F. Supp. 266, 312 (S.D. Tex. 1997), *aff'd*, 161 F.3d 314 (5th Cir. 1998) ("The district court's judgment confirming an arbitral award is to have the same effect, in every respect, as in any other judgment entered by the court, and postjudgment interest is thus governed by statutory rates. Accordingly, the court will award postjudgment interest on the arbitration award from the date of the final judgment at the current federal statutory rate." (internal citations omitted)); 9 U.S.C. § 13 (stating that a judgment confirming an arbitral award "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment" in any civil action entered by the district court).

Tricon cites *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097 (9th Cir. 1998), but that case does not compel a different result. In *Citicorp*, the Ninth Circuit affirmed the district court's award of postjudgment interest at the rate specified in the arbitral award even though that rate was different than the federal statutory rate. The parties had stipulated to an arbitral award stating that "interest would accrue at the rate specified in [the parties'] promissory note *after* the judgment until

7

collection." *Fid. Fed. Bank*, 387 F.3d at 1023.  The court explained that because "the language of the arbitration award indicate[d] a mutual intent by the parties to have pre- and post-judgment interest calculated at the contract interest rate," the parties "contractually waived their right to have post-judgment interest calculated at the federal statutory rate." *Citicorp*, 155 F.3d at 1108.  Unlike the parties in *Citicorp*, Tricon and Vinmar did not "specifically agree[] that the contract rate of interest would be applied even after judgment [confirming the arbitral award] was entered." *Id. Citicorp* does not support Tricon's argument.

**III.    Conclusion**

Tricon is entitled to postjudgment interest at the federal statutory rate.  By **January 23, 2012**, the parties must submit a proposed order confirming the arbitral award and entering final judgment in this case.

SIGNED on January 20, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge