IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON ENERGY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-05260 |
| | § | |
| VINMAR INTERNATIONAL, LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Vinmar moves to stay the execution of this court's final judgment under Federal Rule of Civil Procedure 62(b) pending resolution of Tricon's Rule 54(d)(2) motion for attorney's fees. In the alternative, Vinmar moves for approval of a supersedeas bond to stay enforcement of the judgment under Rule 62(d) during an appeal to the Fifth Circuit. (Docket Entry No. 61.) For the following reasons, the motion is denied, but without prejudice to Vinmar reurging the Rule 62(d) motion once a notice of appeal is filed.

"On appropriate terms for the opposing party's security," Rule 62(b) allows a district court to stay the execution of a judgment pending disposition of any of the following posttrial or postjudgment motions: (1) a motion for judgment as a matter of law under Rule 50; (2) a motion to amend the findings or for additional findings under Rule 52(b); (3) a motion for a new trial or to alter or amend a judgment under Rule 59; or (4) a motion for relief from a judgment or order under Rule 60. FED. R. CIV. P. 62(b). Tricon's Rule 54(d)(2) postjudgment motion for attorney's fees is not a motion covered by Rule 62(b). No other posttrial or postjudgment motions are pending. Vinmar's motion to stay the execution of the final judgment under Rule 62(b) is denied. *See*

*Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) (stating that "[t]he district court may only stay execution of the judgment pending the disposition of *certain* post-trial motions" (emphasis added)).

"Under Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). Rule 62(d) states:

> *If an appeal is taken*, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given *upon or after filing the notice of appeal* or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

FED. R. CIV. P. 62(d) (emphasis added). Vinmar "intends to appeal the judgment entered in this case" to the Fifth Circuit and, if necessary, to the Supreme Court, (Docket Entry No. 61-1, at 2), but has not filed a notice of appeal. Vinmar must file a notice of appeal before this court can stay the execution of the judgment under Rule 62(d). *See Wedgewood Ltd. P'ship I v. Twp. of Liberty, Ohio*, No. C2-04-1069, 2010 WL 5462472, at *3 (S.D. Ohio Dec. 29, 2010) (holding that "an appeal is a condition precedent for the issuance of a stay" under Rule 62(d)); *United States v. One 1962 Ford Galaxie Sedan*, 41 F.R.D. 156, 157 (S.D.N.Y. 1966) ("The fact that the Rules afford protection for ten days subsequent to judgment and at a point when notice of appeal is filed, indicates to me that the Court does not possess such power in the interim."). Vinmar's motion to approve its "supersedeas bond to stay enforcement of the judgment during the appeal," (Docket Entry No. 61, at 2), is denied. This ruling, of course, does not preclude Vinmar from reurging its motion once it has filed a notice of appeal.

Tricon argues that the amount of Vinmar's proposed supersedeas bond is insufficient because it does not include: (1) $1,271.60 in costs Tricon incurred to confirm the arbitration award in this court; (2) $7,565.55 in postjudgment interest for three years; and (3) $100,000 in attorney's fees that

Tricon would be entitled to under the final judgment if Vinmar unsuccessfully exhausted its appellate remedies ($50,000 for appealing to the Fifth Circuit; $15,000 for filing a writ of certiorari; and $35,000 if the Supreme Court grants the writ). The court will rule on Tricon's objections if they are reurged once Vinmar files a notice of appeal and renews its Rule 62(d) motion. The following comments are offered as guidance in an effort to avoid further litigation of the supersedeas bond issue:

- Costs taxable under 28 U.S.C. § 1920 are properly included in the supersedeas bond. *See Norton v. Canadian Am. Tank Lines*, No. 06–411–C, 2009 WL 3172105, at *1 (W.D. Ky. Sept. 29, 2009) ("Typically, a bond would include costs."); *S.E.C. v. O'Hagan*, 901 F. Supp. 1476, 1480 (D. Minn. 1995) ("Generally, the amount of the bond should include the principal amount of the judgment, plus costs . . . ."). Unless Vinmar disputes Tricon's bill of costs, the supersedeas bond should include the $1,271.60.

- Because the "purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal," *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979), Vinmar's supersedeas bond should include a reasonable estimate of the postjudgment interest that will accrue during the pendency of the appeal. "Of course, it is impossible to know how long [Vinmar's] appeal will take. Other courts have used the average amount of time that it takes to decide an appeal in the circuit for guidance." *Jack Henry & Assocs., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 673 (E.D. Ky. 2010). According to statistics published by the Administrative Office of the U.S. Courts, the median amount of time between filing a notice of appeal and disposition in the Fifth Circuit was 10.2 months in 2011. Vinmar's proposed supersedeas bond, which includes postjudgment interest for one year, already includes a reasonable estimate of postjudgment interest for the expected duration of the appeal.

- It is unclear whether a supersedeas bond should include attorney's fees that will be incurred on appeal. *See Barrett v. Detroit Heading, LLC*, No. 05-72341, 2007 WL 2649714, at *2 (E.D. Mich. Sept. 10, 2007) (stating that "[t]he Court found no case law that expressly states that appellate attorney costs are to be included, or are not to be included, when setting the amount of a supersedeas bond"). Assuming, without deciding, that a supersedeas bond properly includes any attorney's fees that will be incurred on appeal, Vinmar's proposed bond should include only the $50,000 related to the Fifth Circuit appeal. Vinmar's providing security for the attorney's fees Tricon would be entitled to if Vinmar seeks Supreme Court review is properly addressed by the Fifth Circuit if and when a motion to stay the mandate is filed. *See*

    FED. R. APP. P. 41(d)(2)(C) ("The court may require a bond or other security as a condition to granting or continuing a stay of the mandate.").

Vinmar's motion to stay execution of the final judgment under Rules 62(b) and 62(d) is denied. As stated above, this ruling is without prejudice to Vinmar reurging its Rule 62(d) motion once a notice of appeal is filed.

  SIGNED on February 16, 2012, at Houston, Texas.

                _____
                Lee H. Rosenthal
                United States District Judge