IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICON ENERGY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-05260 |
| | § | |
| VINMAR INTERNATIONAL, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Tricon Energy, Inc. filed this petition under 9 U.S.C. § 207 to confirm an arbitration award against Vinmar International Ltd. The award arose from an alleged breach of a contract for Vinmar to purchase 5000 metric tons of mixed xylene ("MX") from Tricon for delivery in Asia. A three-judge arbitration panel empaneled by the American Arbitration Association concluded that Vinmar had contracted to purchase the chemical from Tricon and had breached its contractual obligations by failing to declare a discharge port. The panel found Vinmar liable for breach of contract and awarded $1,338,776.72 in damages, plus prejudgment interest, costs, and $50,000 in attorneys' fees if Vinmar sought to have the arbitration award vacated in federal district court. In response to the petition to confirm the award, Vinmar filed a counterclaim seeking to vacate. Vinmar also filed a motion to vacate in Texas state court. Tricon removed that case and it was consolidated into the case pending in this court.

When the motions practice was concluded, this court had rejected Vinmar's argument that this court lacked subject-matter jurisdiction over these proceedings under the enabling statute for the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York

Convention"), 9 U.S.C. §§ 201 *et seq.*, an argument based on the Vinmar's assertion that there was an insufficient commercial relationship to a foreign state to meet the statutory requirement for jurisdiction. This court also rejected Vinmar's assertion that the AAA arbitration panel lacked jurisdiction to resolve the parties' dispute because there was no contract and no agreement to arbitrate between the parties. Finally, this court rejected other statutory grounds Vinmar raised for vacating the award.

Within 14 days after this court entered final judgment confirming Tricon's award, Tricon filed a motion under Rule 54(d) of the Federal Rules of Civil Procedure. Tricon seeks an additional $72,133.43 in fees based on the court's inherent power to award attorney's fees for work required by an unjustified refusal to abide by an arbitration award. (Docket Entry No. 60.) Vinmar has moved to strike the motion and, alternatively, responded to it, arguing that the legal positions it took to oppose confirmation were justified and that there is no basis for the fees Tricon seeks. (Docket Entry No. 63.)

Rule 54(d) of the Federal Rules of Civil Procedure permits a party to move for attorney's fees and provides that the moving party "must . . . specify . . . the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B). Under the "American rule," a prevailing party is ordinarily not entitled to attorney's fees except where expressly provided by statute. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.,* 774 F.2d 43, 47 (2d Cir. 1985). In exception to the general rule, a court may award fees pursuant to its inherent equitable authority when a "party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Kerin v. U.S. Postal Serv.,* 218 F.3d 185, 190 (2d Cir. 2000) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59 (1975)). Appellate courts have held

that, in the context of a petition to confirm an arbitration award, fees may be awarded pursuant to this inherent authority "'when a challenger refuses to abide by an arbitrator's decision without justification.'" *Int'l Chem. Workers Union,* 774 F.2d at 47 (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron,* 688 F.2d 997, 999 (5th Cir. 1982)); *see also Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.,* 707 F.2d 425, 428 (9th Cir. 1983); *Dries & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 254–55 (7th Cir. 1986); *DMA Int'l, Inc. v. Qwest Commc'ns Int'l, Inc*., 585 F.3d 1341, 1346 (10th Cir. 2009). A party's failure to pay an arbitral award immediately does not necessarily constitute bad faith. *See, e.g., Bruce Hardwood Floors, Div. of Triangle Pac. Corp. v. UBC, S. Council of Indus. Workers,* 103 F.3d 449, 453 (5th Cir. 1997) ("Because we have concluded that the arbitrator exceeded his contractual authority, we do not find that Bruce's refusal to abide by the arbitration decision was without justification."); *In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.,* 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005). Even if a court rejects a party's challenge to an arbitration award, that does not mean the challenge was "without justification." *Teamsters Gen. Drivers Warehousemen v. Greif Packaging, LLC*, No. 4:09–CV–2252, 2010 WL 1417889, at *7 (S.D. Tex. Apr. 7, 2010).

Although Tricon initially sought fees under Rule 11 of the Federal Rules of Civil Procedure as well, it has since acknowledged that it has no basis for such recovery. (Docket Entry No. 65, at 2 n.1.) The issue is whether the current record warrants the award of an additional $72,133.43 in fees Tricon incurred in this confirmation litigation because Vinmar's refusal to pay the arbitration award was "without justification."

3

After a careful review of the motion, response, and reply; the parties' submissions; the record; and the applicable law, this court concludes that Tricon is not entitled to recover the $72,133.43 in fees it seeks. Tricon is seeking most of the fees it incurred after receiving the favorable award from the AAA Panel on November 3, 2010. Tricon has not sought fees for legal work on postjudgment interest. Nor has Tricon sought fees for work on the supersedeas bond issue. Tricon is seeking its fees for all the other legal work it did as part of the confirmation litigation in this court.

The problem with Tricon's motion for attorney's fees is that some of the arguments Vinmar made to challenge the award, while not successful, cannot be said to have lacked substantial justification. For example, Tricon challenged the existence of an agreement between the parties that included an arbitration clause. Absent an agreement to arbitrate, there is no basis for arbitration or for the arbitration award. The issue of whether the email exchange between the parties not only resulted in a contract but also a modified version of that contract containing an arbitration clause required a careful examination by the parties and by this court of the text of the emails, the record evidence about the contracting process in the aromatics trade industry, and the contract-formation principles of the Texas Uniform Commercial Code. This court found that Vinmar assented to the arbitration clause that was proposed in an email sent after a contract had been formed. (Docket Entry No. 47, at 14–15.) This result required careful analysis of whether those involved in the communications had authority to negotiate or change the agreement, and whether a different type of signature was required for the formation of the contract containing the arbitration clause. (*Id*. at 17–20.) This court found that the record and the applicable authorities supported Tricon's argument that there was a valid and enforceable agreement to arbitrate. As a result, this court denied Vinmar's

motion to vacate the arbitral award on the ground that the parties had not entered into an agreement to arbitrate. But the argument was not frivolous and the motion to vacate the AAA award did not lack substantial justification.

There were other challenges Vinmar raised that rested on a far weaker basis. Those included the assertion of other statutory grounds for refusing confirmation and obtaining vacatur. But Tricon's response to the added grounds was that no further briefing was necessary. This court agreed and summarily disposed of those challenges. (*See* Docket Entry No. 50.)

Tricon's motion seeks to recover all the time and work spent on obtaining confirmation in this court, except for the time spent on the postjudgment interest and supersedeas bond issues. Because a large amount of the time appears to have been spent on at least one issue that was neither frivolous nor raised in bad faith, and did not lack "substantial justification," the motion to recover fees for that time under Rule 54(d) and this court's inherent authority is denied

SIGNED on August 1, 2012, at Houston, Texas.

                                              Lee H. Rosenthal
                                          United States District Judge